# Commonwealth, ex rel., Appellant, *v.* MacArthur.

*Appeals—Certiorari—Evidence—Custody of children — Habeas corpus.*

An appeal from an order in a habeas corpus proceeding relating to the custody of children, is in the nature of a certiorari. Neither the testimony nor the findings of fact however unwarranted, are brought up with the record, which alone can be considered. If it is clearly evident that the court has proceeded on an erroneous theory of the law upon which its order is based, the appellate court has power to correct such mistake.

On such an appeal a complaint that the court below did not pass upon the facts presented for adjudication, cannot be sustained where the decree itself sets forth that it was made after a consideration of all the testimony.

The court must consider the question of fitness and the best interest of the child. It is advisable to incorporate these findings in the decree.

Argued Nov. 23, 1915.   Appeal, No. 269, Oct. T., 1915, by plaintiffs, from order of Municipal Court, Philadelphia Co., June T., 1915, No. 163, awarding custody of children in case of Commonwealth, ex rel., Sadie MacArthur v. James H. MacArthur. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Habeas corpus for the custody of children. Before BROWN, P. J.

From the record it appeared that a petition and cross-petition for writs of habeas corpus were filed by Sadie A. MacArthur and her husband, James H. MacArthur, for the custody of their children, Esther, Ruth and Virginia.

BROWN, J., filed the following opinion and decree:

The court has carefully read and considered all of the evidence produced in this cause, together with the letters submitted, and while it is loath to remove the daughter from the possession of her mother and give her into the possession of the father, when separated from the wife,

536      COM., ex rel., Appellant, *v.* MacARTHUR.

Opinion of Court below—Opinion of the Court. [62 Pa. Superior Ct.

it can see no just reason why this home should have been disrupted, and it feels that in so determining this case, it may bring about reconciliation.  The allegations of cruelty were met by a positive denial, and the evidence warrants the court in the belief that these charges were an after consideration.

And now to wit, July 26, 1915, after consideration of all the testimony and the correspondence offered in the above entitled cause, it is the judgment of that court that it is for the best interests of Esther Elizabeth MacArthur that she be returned to her father, the Reverend James H. MacArthur, and that the younger child, Virginia MacArthur, be brought within the confines of the County of Philadelphia in order that her father may have access to her from time to time and have actual custody of her one day each week.

The writ in the habeas corpus case for possession of Ruth MacArthur is dismissed.

The said decree to stand until the further order of the court.

*Error assigned* was the decree of the court.

*John C. Hinckley,* for appellant.

*George Quintard Horwitz,* with him *Allen C. Thomas,* for appellee.

OPINION BY KEPHART, J., March 1, 1916:

This is an appeal from an order of President Judge BROWN of the Municipal Court in a habeas corpus proceeding.  These appeals are in the nature of a certiorari. Neither the testimony nor the findings of fact, if any, however unwarranted are brought up with the record on certiorari.  The record alone can be considered: Commonwealth, ex rel., v. Maurer, 42 Pa. Superior Ct. 170. If it is clearly evident that the court has proceeded on an erroneous theory of the law upon which its order is

based this court has power to correct such mistake: Commonwealth, ex rel., Sage v. Sage, 160 Pa. 399. The only complaint here urged is that the court did not pass upon the facts presented for adjudication. But this contention cannot be sustained. The decree of the court sets forth that it was made after a consideration of all the testimony and in its opinion it is suggested that appellant's charges were an after consideration. The disposition of cases such as this is most trying to the judge hearing the cause. As stated by President Judge RICE in Commonwealth, ex rel., v. Strickland, 27 Pa. Superior Ct. 309: "But we are asked to review the case upon the evidence submitted to the judge below, as if this were an appeal proper, and to determine whether his decision is just and conscionable on the case that was presented to him. 'The subject was one of the most difficult and delicate upon which a court is called to act,' as Justice FELL truly remarked in Commonwealth, ex rel., v. Blatt, 165 Pa. 213. No judge deciding such a dispute can predict with absolute certainty that his order will turn out in the distant future to be the best that might have been made. More than in any other kind of a case he is aided in arriving at a correct judgment by carefully observing the conduct, appearance and manner of the parents and children, as well as other witnesses, during the hearing. As the counsel for the appellee well say, if we were to re-try the case upon the printed notes of testimony, we would be without the valuable aid which the learned judge below had." The Act of 1895 as well as the decisions of the courts prior thereto require the judge making the order to pass upon the question of fitness and the best interests of the children. The decree in this case shows that this was done, but this court would presume that the trial judge had properly performed that duty unless the contrary appeared from the record. If this were a matter of first impression as taken from the paper books there are features in the case which might have caused us to enter a different decree, but as

we are denied the benefit of the appearance and manner of the parents, children and witnesses as they testified we cannot say that the court on the evidence presented arrived at an incorrect conclusion.

The order of the court is affirmed.