# Commonwealth *v.* Heenerfauth, Appellant.

*Criminal law—Common scold—Contempt of court—Jurisdiction.*

The court has no jurisdiction to commit to prison for contempt a person indicted as a common scold because she did not obey an order "to remove from the premises wherein she then resided, within thirty days." Such an order the court has no authority to make and is powerless to enforce.

Nor in such a case can she be committed for contempt because she brought about "eight successive postponements of the cause." Such postponements must necessarily have been with the approval of the court for causes then deemed adequate. The penalty imposed in such a case "committed until purged thereof" is without authority of law.

528 COMMONWEALTH *v.* HEENERFAUTH, Appellant.

Statement of Facts—Opinion of the Court. [70 Pa. Superior Ct.

Argued Oct. 15, 1918. Appeal, No. 178, Oct. T., 1918, by defendant, from order of Municipal Court, Philadelphia Co., Aug. T., 1917, No. 320, committing defendant for contempt of court in case of Commonwealth v. Emma Heenerfauth. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Indictment for being a common scold. Before BONNI-WELL, J.

*Error assigned* was the order of the court quoted in full in the opinion of the Superior Court.

*Henry J. Scott,* for appellant, cited: Com. ex rel. v. Lewis, 253 Pa. 175; Com. v. Newton, 1 Grant, 454; Com. ex rel. v. Perkins, 124 Pa. 36.

*Charles Edwin Fox,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY ORLADY, P. J., December 12, 1918:

From the record it appears that this defendant was indicted for being a common scold, and after a number of continuances the court made the following order:

"And now, to wit, June 10, 1918, the within case being called for hearing, the court directs the commitment of the defendant, Emma Heenerfauth, upon the charge of contempt to the court, for the reason that when the said cause was called before this court on October 24, 1917, the said defendant, being indicted as a common scold, agreed at the bar of the court to remove from the premises wherein she then resided within thirty days; that when the said cause was recalled before the court, a further extension of time was permitted because of the inclemency of the winter weather; and that the defendant, by repeated evasions and subterfuges, having been represented during the course of the present proceedings

by three different counsel at eight successive postpone-
ments of this cause, wherein twelve witnesses for the
Commonwealth have been required to appear in court, to
find the processes of the court a nullity and its mainte-
nance of law a subject of derision on the part of the de-
fendant, she is now hereby adjudged to be in contempt
of court and is hereby committed until purged thereof."

The direction "to remove from the premises wherein
she then resided, within thirty days," was an order that
the court was without authority to make, and powerless
to enforce. The "eight successive postponements of the
cause" must necessarily have been with the approval of
the court for causes then deemed adequate, and in secur-
ing which the defendant could not be held guilty of con-
tempt of court. The Act of June 16, 1836, P. L. 793, pro-
vides, "The punishment of imprisonment for contempt,
as aforesaid, shall extend only to such contempt that
shall be committed in open court, and all other contempts
shall be punished by fine only": Com. v. Lewis, 253 Pa.
176; Com. v. Newton, 1 Grant 454; Com. ex rel. v. Per-
kins, 124 Pa. 36. The penalty imposed, "committed until
purged thereof" is without authority of law.

Giving to this record every reasonable intendment, it
furnishes no substantial ground upon which the order
can be sustained. The finding of a judge in a proceeding
for contempt will not be reversed where there is evidence
to support them, and there is no manifest error, Houser's
Case, 57 Pa. Superior Ct. 43, but this record exhibits,
that no offense was committed for which the defendant
could be held in contempt, and that the penalty imposed
was not warranted by any statute.

The judgment is reversed, and the defendant dis-
charged.