Commonwealth ex rel. Milne *v.* Milne, Appellant.

Argued September 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Ralph S. Croskey,* of *Croskey & Edwards,* for appellant.

*Charles J. Biddle,* with him *J. Horace Churchman,* for appellee.

OPINION BY KENWORTHEY, J., December 9, 1942:

Since 1924 defendant has been paying under court order varying amounts for the support of his wife and children. The original order was for $200 per month; the last previous for $60 per month. The present petition was prompted by the bequest to defendant of a share in the income from the estate of his father who died May 23, 1941.

The court below made an order in the amount of $766 per month, or $9,192 per year. In arriving at that figure, defendant's net income after taxes was computed to be $27,600. The ratio decidendi is expressed in the following paragraph of the opinion: "The [relatrix] is entitled to a full one-third of the [defendant's] income. Judging by the record in this court, the amount of the original order and the amount to which it was reduced, the [relatrix] has for years shared the [defendant's] adversity. *It is now only fair that she shall share his prosperity."* (Italics supplied).

The children are now of age and no longer involved; the order is for the support of relatrix only.

The proceeding is under the Act of April 13, 1867, P. L. 78, as amended by the Penal Code, Act of June 24, 1939, P. L. 872, §733, 18 PS 4733. It provides: "The said court, after hearing in a summary proceeding, may order the person against whom complaint has been made, being of sufficient ability, to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife or children, or both, ......"

The intent of the legislature seems plain; the function of the court is to fix an amount which "is reasonable and proper for the comfortable support and maintenance of the said wife." And although we have ruled that,

when children are not involved, the amount awarded must not exceed one-third of the husband's income (*Com. ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 40, 46, 24 A. (2d) 712), we have tried to make it clear that this one-third rule is to be used to determine the ceiling or *maximum* amount which will be lawful; it was never intended as a *measure* of what will furnish "comfortable support and maintenance of the said wife."[1]

We have said that an order for support "is not to punish the respondent for his conduct, or misconduct, towards his wife and family" (*Com. ex rel. Fort v. Fort,* 124 Pa. Superior Ct. 151, 152, 188 A. 416; *Com. ex rel Martocello v. Martocello,* supra,) and that "it is not the prerogative of the court to divide his estate." *Com. ex rel. v. Sherritt,* 83 Pa. Superior Ct. 301, 303, 304.

In arriving at the amounts previously awarded in this case, defendant's ability to pay was a constant factor. The peak of his earning capacity was apparently reached sometime prior to 1924, when the original order was made, when he earned $7,000 per year. But prior to the first hearing, he had lost his job and, although the record is not complete, it is apparent from the subsequent reductions in the amount of the order and from defendant's difficulty throughout in meeting the payments, that the amounts awarded from time to time represented the maximum limit and perhaps even, at least for periods, exceeded it.

Except for the amount paid by defendant, relatrix's income has been negligible—$225 per year from a trust fund—and her total income has undoubtedly been insufficient for comfortable maintenance. But there is no authority for the court's attempt to make up for

---

[1] Compare the language of the Act of May 2, 1929, P. L. 1237 §47, 23 PS 47, which permits the court to allow a wife who has obtained a decree of divorce from bed and board "such alimony as the husband's circumstances will admit of."

this hardship by an order which would enable her to "share his prosperity." Orders for support must be based on existing circumstances; they cannot be used to equalize past hardships; they must be limited to an amount which will furnish comfortable maintenance and support for the future. This law is not of our making; it has been given to the courts by the legislature.

Relatrix is now living alone in an apartment in New York City. She is a woman of gentle birth and attended one of Philadelphia's "fashionable" schools. It is fairly deducible from the record that she has never learned to support herself although she has, both before and after the separation, earned small amounts. The amount to be awarded should be adequate to support her in comfort without requiring her to resort to her own efforts. And it is apparent that defendant's income is now such that his ability to pay is no longer a factor in determining the appropriate amount. But we are of opinion that the lower court made an excessive order and in making it misapplied the law.

There is no merit in defendant's contention that he was prevented from attending the hearing because of insufficient notice. The record indicates he had ample notice, it has not been suggested his testimony was essential, and his counsel declined an express offer by the court to continue the hearing to afford him an opportunity to appear.

In reaching our conclusion we have taken into consideration that under the Revenue Act of 1942 relatrix may be compelled to pay a federal income tax on the amounts she receives.

The order of the court below is modified and it is now ordered that the defendant pay to his wife, Frederica L. Milne, the sum of $500 per month for her support from June 24, 1942, and that he pay costs in the court below and on this appeal.