Commonwealth ex rel. Meth, Appellant, *v.* Meth.

Argued December 8, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Irvin Siegel,* with him *Herman Bloom,* for appellant.

*Nathan L. Posner,* with him *Donald Brown,* and *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY WATKINS, J., March 18, 1959:

This is an appeal from an order of the Municipal Court of Philadelphia, denying a petition for an increase in the support of Sophye K. Meth, the appellant wife.

The matter has a long history in the Municipal Court, where the original order of support was made on July 28, 1944, directing Lewis B. Meth, the appellee husband, to pay for the support of his wife, the sum of $10 per week. On July 9, 1946, the order was increased to $25 per week and on August 19, 1947, another petition for an increase was denied. Then on August 4, 1949, the order was reduced to $20 per week, upon which order the appellee is presently paying.

In 1952, the appellant filed a petition for support in Camden, New Jersey, where after extensive hearings the New Jersey Superior Court treating the petition as one for an increase in support, and giving full faith and credit to the Pennsylvania Court's order, found that "The change of circumstances of the respective parties hereto is not such that would warrant any re-

vision of the present order of the Municipal Court of Philadelphia, Pa., in the amount of $20.00."

The present petition for an increase was brought on April 10, 1957 and the court below, finding no change in circumstances, dismissed it.

We agree with the court below that the appellant's New Jersey action did not divest the Municipal Court of Philadelphia of jurisdiction. *Com. ex rel. Milne v. Milne,* 149 Pa. Superior Ct. 100, 26 A. 2d 207 (1942). "Where two tribunals have concurrent jurisdiction over any subject matter, the court in which the proceedings are first commenced has priority and no other court may limit the power of the first tribunal to dispose of the case." *Com. v. Moon,* 174 Pa. Superior Ct. 334, 101 A. 2d 147 (1953). See also: *Com. ex rel. Holzbaur v. Holzbaur,* 185 Pa. Superior Ct. 343, 345, 138 A. 2d 268 (1958).

We have held that where a citizen of another state has obtained an order of support in that state against her husband, a citizen of Pennsylvania, that a petition for support brought in this state will be denied because an entry of such an order de novo here, on top of the one in being in the other state, would place an unfair burden on the husband. *Com. ex rel. Holzbaur v. Holzbaur,* supra. This same unfair burden would have been present here had the New Jersey court determined that a change in circumstances warranted an additional order and the complicating incidents as to penalties and the enforcement processes would follow. However, this question is moot since the New Jersey court did dismiss the petition because there was no change in circumstances warranting modification.

No appeal was taken by this appellant from the order of 1949 nor from the order of the New Jersey court in 1955. A petition to modify an order of support is not a substitute for appeal, and cannot bring up for

review matters adjudicated in making the first order. *Com. ex rel. Howard v. Howard,* 138 Pa. Superior Ct. 505, 10 A. 2d 779 (1940); *Com. ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A. 2d 147 (1957). The record discloses and Judge BURCH, in his opinion, emphasizes that counsel for the appellant attempted to treat this case as if it were an original proceeding for support. He said, "We have examined the record carefully and we also have a personal recollection of the proceedings in 1949 and we are convinced that the petitioner has failed to establish a change in circumstances." He further reviewed the record, as follows: "All the evidence with reference to the extent of the respondent's interest in his business and the type of home he lived in was presented at the hearing in 1949. The only change of circumstances, if it can be so characterized, is the fact that the petitioner has exhausted certain capital assets which she possessed in 1949. The order we entered in 1949 was not based in any way on the possession and ownership of the petitioner's capital assets. The order was based on the standard of living and the position in life of the parties and the husband's earnings and earning power. She testified that she was ill and unable to work in 1949, and she also testified to this effect in the present proceeding. In this proceeding she testified that she was accustomed to furs and now must wear cloth coats and that she enjoyed expensive cultural pursuits which she is now required to forego. But, it is obvious that the order which ranged between $10.00 at its lowest point and $25.00 at its highest was not based on the type of standard of living which the petitioner would like to enjoy. No appeal was taken from any of the prior orders and she cannot make this proceeding a substitute for an appeal."

The record supports the court below that there was not such change in the circumstances of either party to warrant a change in the order of 1949. The order of the New Jersey court supports this conclusion of the court below, in that, as of September 16, 1955, after a full and complete hearing was held and appellee's financial records examined by the wife's accountants, there was not sufficient change of circumstances to warrant a revision. The record discloses that since the New Jersey order of September 16, 1955, the income of the appellee declined steadily from $3,353.90 in 1955 to $2,839.12 in 1957 without any material change in the appellant's situation that was not present and disposed of by the Municipal Court in 1949 and the New Jersey court in 1955.

The determination of the amount to be awarded for the support of a wife by her husband is largely within the discretion of the court below and the appellate court will not interfere unless a clear abuse of discretion appears. *Com. ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886 (1956). The party seeking modification of a support order, here the appellant, has the burden of showing, by competent evidence, such a change or changes in conditions as will justify modification. *Com. ex rel. Thompson v. Thompson,* 171 Pa. Superior Ct. 49, 90 A. 2d 360 (1952).

"Orders of support are not final inasmuch as they may be increased, reduced, or vacated where the financial condition of the parties changes, or where other proper reasons are assigned, but the burden rests upon the one who so avers to show by competent evidence such permanent changes in conditions or circumstances as would justify a vacation or modification of the existing order." *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 203, 30 A. 2d 437 (1943).

558

This essential lack of finality in orders of support necessarily leads to a multitude of hearings but it certainly should not be aggravated by permitting parties, attempting to support their burden, to repetitiously present evidence of alleged change in circumstances that by prior orders were res adjudicata.

Order affirmed.