Commonwealth ex rel. Korn, Appellant, *v.* Korn.

Argued June 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Norman P. Zarwin,* with him *William L. Meritz,* and *Zarwin, Prince & Baum,* for appellant.

*William A. Robbins,* for appellee.

OPINION BY WOODSIDE, J., September 17, 1964:

This is an appeal from the refusal of the County Court of Philadelphia to enter an order against the defendant for the support of his wife.

Section 733 of The Penal Code of June 24, 1939, P. L. 872, 18 P.S. §4733, provides, inter alia: "If any husband, . . . separates himself from his wife . . . without reasonable cause, or neglects to maintain his wife . . . (1) his wife . . . may file a petition, . . . in the court of quarter sessions. . . .

"The said court, after hearing in a summary proceeding, may order the person against whom complaint has been made or petition filed, being of sufficient ability, to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife . . .".

The Korns, both divorcees, were married September 24, 1961. The court below found they separated May 7, 1963, although they slept together frequently after that date, the last time being two days before the support hearing in this case.

The court below concluded that Mrs. Korn was guilty of indignities, giving the defendant ground for divorce, and that he was therefore not required to support her. A husband is required to support his wife unless he can prove with evidence that is clear and convincing that his wife's conduct relieved him from the responsibility. *Commonwealth ex rel. Reddick v. Reddick*, 198 Pa. Superior Ct. 111, 115, 181 A. 2d 896 (1962).

We have examined the evidence and are of the opinion that the defendant has not met the burden resting upon him to show such conduct on the part of his wife. The hearing judge concluded that the conduct of the defendant's wife constituted indignities. The court based this conclusion on the testimony of the defendant alone. Much of this testimony was

denied and some of it does not seem credible to us, but even if believed it is insufficient.

We shall briefly summarize the evidence upon which the court relied. The husband testified, "I found that my wife was an alcoholic, and since the first day of married life it has been a series of arguments . . . . As a result of this alcoholic excess[1] I have suffered every night . . . instead of having a normal sex life it was impossible in view of the alcoholic breath . . . . I moved out of the house maybe ten or twenty, thirty times, went to the Franklin Motor Inn . . . she would call there at all hours . . . . I used to resort to taking two rooms. She would call one room, and I wouldn't be there. I'd be in the other room . . . If I was late [for dinner] she would say to me 'Are you hungry?' I would say, 'Well I think so.' She would say, 'I have a steak in the freezer. It will take about an hour,' so I would settle for a sandwich . . . . I was being subjected to a series of accusations by her that had no foundation . . .".

Let us examine one of the accusations. The defendant's wife says he told her while he was in the hospital in September 1963, "Jean, I want a divorce. I love Selma and I want to marry her," to which she replied, "Well, first you have to get well and then we'll talk about it." The defendant testified "This was true."

The defendant raised a question concerning his wife's possession of cash given her by him before they were married, but all the evidence concerning the money throws suspicion upon his conduct and not hers, particularly in the light of his claiming the Fifth Amendment when asked about his income in an action by his wife for divorce from bed and board and of his having been previously convicted of abortion.

---

[1] Mere drunkenness, no matter how excessive, is not an indignity. *Shoemaker v. Shoemaker*, 199 Pa. Superior Ct. 61, 72, 184 A. 2d 282 (1962).

The defendant tried to throw suspicion upon the relationship of his wife with her insurance agent. The evidence does not even establish a close friendship between the wife and the agent. On the other hand, the evidence of the defendant's relationship with Selma is undisputed.

The evidence of the defendant falls far short of that required to dismiss a petition for support. The case must be remanded for the setting of a support order based upon the defendant's earning capacity. See *Commonwealth ex rel. Sosiak v. Sosiak*, 177 Pa. Superior Ct. 116, 120, 111 A. 2d 157 (1955).

Reversed and remanded.

MONTGOMERY, J., would affirm on the opinion of the lower court.