## Commonwealth ex rel. Keeth *v.* Keeth, Appellant.

Argued March 20, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*David E. Auerbach,* with him *Eckell, Sparks, Vadino, Auerbach & Monte,* for appellant.

*Louis J. Sinatra,* with him *Arthur Levy,* and *Levy and Levy,* for appellee.

OPINION BY WATKINS, J., April 13, 1972:

This is an appeal from an order of the Court of Common Pleas of Delaware County, Criminal Division, awarding support from the appellant-husband, William D. Keeth, to the appellee-wife, Nora E. Keeth, in the amount of $45.00 per week.

The appeal was brought on two grounds: (1) that the wife was not entitled to any order as the husband's leaving was justified; (2) the court abused its discretion in making an excessive award.

The first contention is clearly without merit. The parties were married for 23 years and lived together until June 6, 1971. There was evidence of a prior separation. On the date in question, the husband had left that weekend and his wife found him on Sunday of that weekend in his automobile in the company of another woman. A confrontation occurred and the wife slapped the woman. The husband then slapped his wife in the face and hit her with his hat. He then went home, packed his belongings and left. He stated that he could not "stand" his wife and claimed he left because of the unreasonable accusations. The only legal cause which would justify a refusal of the husband to support his wife is conduct of the wife which would support valid grounds for divorce. *Commonwealth v. Cooper,* 183 Pa. Superior Ct. 36, 128 A. 2d 181 (1956). When the husband leaves the common abode, the wife

need not establish facts which would entitle her to a divorce but only facts which would entitle her living apart from her husband. *Commonwealth ex rel. Korn v. Korn,* 204 Pa. Superior Ct. 153, 203 A. 2d 341 (1964). This record is devoid of believable testimony of such a showing.

The husband's testimony shows earnings of $96.00 per week, plus $60.00 per week workmen's compensation payments so that he admits to an income of $156.00 per week. There was an insurance disability policy under which he was entitled to $23.00 per week. If this had been applied, it would raise his total weekly earnings to $179.00.

His expenses were high largely because he was living in a motel which cost him $70.00 per week. She testified her weekly expenses which were itemized amounted to $150.50. She had the use of the jointly owned property which was free of debt and she earned $104.00 weekly.

From the court's opinion, he carefully considered the monetary problems of husband and wife and seems to have disregarded the possible disability earnings and did take into consideration the use of the joint property. As the court said: A husband should not be required to pay more than one-third of his total income for the support of his wife, when the support of children is not involved. *Commonwealth ex rel. Milne v. Milne,* 150 Pa. Superior Ct. 606, 29 A. 2d 228 (1942). The one-third of his earnings is as measured by the defendant's bona fide earning power. *Commonwealth ex rel. Fishman v. Fishman,* 213 Pa. Superior Ct. 342, 247 A. 2d 810 (1968).

The wife testified that she had needs amounting to $150.50 per week and the court below gave credibility to her testimony. She earned $104.00 a week or $46.50 less than she required. The court then computed from the husband's testimony of earnings of $156.00 per week

that he was limited to an order of not more than $52.00 per week, however, with the additional $23.00 of disability payments, the limit of the order would have been $57.66 per week.

The court below had the opportunity of hearing the witnesses and determining their credibility and gave careful consideration to all the factors involved in his computation. We, therefore, conclude that the court below did not abuse its discretion or commit an error of law in making its order.

Order affirmed.