419 A.2d 149

**COMMONWEALTH of Pennsylvania ex rel. Edith B. MAGAZINER**

v.

**David A. MAGAZINER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 28, 1979.

Filed March 21, 1980.

Samuel Reveron, Philadelphia, for appellant.

Sidney Ginsberg, Philadelphia, for Commonwealth, appellee.

Before WIEAND, LOUIK and ROBINSON, JJ.*

WIEAND, Judge:

On January 18, 1968, an agreed order was entered directing appellant, David A. Magaziner, Jr., to pay the sum of $100 per week for the support of three minor children, Robert, Jonathan and Diane. The amount of the order was not allocated in any way among the children. Robert, having attained his majority, was removed from the order

* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

This decision was reached following the death of ROBINSON, J.

on January 24, 1974. Appellant, however, did not seek a reduction in the amount of the order. Therefore, it continued at $100 for the support of the remaining two children. Jonathan reached the age of eighteen on June 19, 1976, and in October, 1976, Diane went to live with her father. A petition was thereafter filed in the court below by which appellant sought to have the support order vacated. Diane reached the age of eighteen on February 6, 1978, prior to the date on which appellant's petition to vacate was heard.

At the hearing it was stipulated that Jonathan should be removed from the support order as of June 19, 1976. It was also stipulated that the order should be fully terminated and vacated as of February 6, 1978. Additional stipulations fixed arrearages as of June 15, 1978, the date of the hearing in the court below, at $12,500 and the amount paid by appellee, Edith B. Magaziner, for Diane's high school tuition while she lived with her father at $5,368.95. It was agreed finally that arrearages as of February 6, 1978, according to the trial court's modification of the 1968 order, should be reduced to a judgment which was to be entered against appellant.

The trial court determined that no one of these circumstances or any combination thereof warranted a modification in the amount of the order. Therefore, it calculated arrearages to February 6, 1978 at the rate of $100 per week, and directed the entry of judgment for $10,600. It is from this order that the present appeal is taken.

In *Bell v. Bell*, 228 Pa.Super. 280, 282, 323 A.2d 267, 268–69 (1974), this Court reviewed the pertinent legal principles as follows:

> "Orders of support are not final and may be increased or decreased where the financial conditions of the parties change. *Commonwealth ex rel. Kaplan v. Kaplan*, 219 Pa.Super. 163, 280 A.2d 456 (1971); *Commonwealth ex rel. Meth v. Meth*, 188 Pa.Super. 553, 149 A.2d 488 (1959). However, the order may be modified only by a good faith showing that circumstances existing when the original order was made have materially and substantially

changed. *Commonwealth ex rel. Naselsky v. Naselsky,* 199 Pa.Super. 270, 184 A.2d 288 (1962); *Commonwealth ex rel. Crandall v. Crandall,* 145 Pa.Super. 359, 21 A.2d 236 (1941). In considering whether the support order should be reduced, the court must take into consideration all relevant facts, *Commonwealth ex rel. Fryling v. Fryling,* 220 Pa.Super. 68, 283 A.2d 726 (1971), and it is the burden of the party seeking to modify the order to show by competent evidence such a change in conditions as will justify a modification. *Commonwealth ex rel. Brennan v. Brennan,* 202 Pa.Super. 255, 195 A.2d 150 (1963); *Commonwealth ex rel. Bassion v. Bassion,* 199 Pa.Super. 541, 185 A.2d 822 (1962)."

■ In proceedings to modify existing support orders, an appellate court will not interfere with the determination of the trial court unless there has been a clear abuse of discretion. *Bell v. Bell,* supra, 228 Pa.Super. at 283, 323 A.2d at 269; *Commonwealth ex rel. Friedman v. Friedman,* 223 Pa.Super. 66, 67, 297 A.2d 158, 159 (1972); *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa.Super. 277, 280, 131 A.2d 147, 149 (1957).

It cannot be questioned that Jonathan's attaining majority and Diane's going to live with her father constituted changes in circumstances which are usually sufficient to justify modifications in an existing order. Despite the changed circumstances, the trial court ordered appellant to continue paying $100 per week for the support of Diane from June 19, 1976, until she attained majority on February 6, 1978. The trial judge found that appellant had the ability to pay such an order and based its refusal to reduce the amount thereof upon (1) the cost of psychiatric care for Jonathan, and (2) the cost of Diane's high school education.

■ Under normal circumstances, a parent's duty to support a child may continue even after the child attains majority where the child requires psychiatric care and is unemployable or otherwise unable to support himself or herself. *Commonwealth ex rel. Cann v. Cann,* 274 Pa.Super. 274, 418 A.2d 403 (1980); *Commonwealth ex rel. Welsh v.*

*Welsh*, 222 Pa.Super. 585, 588, 296 A.2d 891, 893 (1972). In the instant case, however, there was no evidence that Jonathan was unemployable or unable to support himself. More importantly, the parties had stipulated that he was to be removed from the order as of June 19, 1976. The trial court could not properly ignore this stipulation and, under the guise of an order for the support of Diane, compel appellant in these proceedings to contribute to the cost of Jonathan's psychiatric care. The cost of such care was relevant only to the extent that it adversely affected appellee's ability to contribute to the support of Diane. The trial court's concern, in fixing the amount of the order after June 19, 1976, should have been for the needs of Diane and for the financial abilities of her parents to meet those needs. See: *Commonwealth ex rel. Berry v. Berry*, 253 Pa.Super. 268, 384 A.2d 1337 (1978). The record, however, discloses insufficient facts to permit a finding of Diane's needs between June 19, 1976 and the date she went to live with appellant.

After Diane went to live with her father, he provided her with most of her needs. Appellee, however, paid Diane's high school tuition for two years in the amount of $5,368.95. Because, as the trial court observed, appellant had agreed to contribute to the cost of Diane's education, the trial judge determined that the amount of the order for Diane's support, even after she went to live with the appellant, should be in an amount that would reimburse appellee for her daughter's tuition. The trial court required appellant to pay support for Diane at the rate of $100 per week during a period estimated to be from November 1, 1976 to February 6, 1978. The total amount assessed against appellant for this period was $6,600. This amount was greater than the amount of tuition which appellee had paid for Diane from September, 1976 to June, 1978. The order, therefore, was exorbitant.

An appropriate order would be determined not only according to appellant's financial ability to pay support but should also reflect the cost to appellee of providing for Diane's care, support, maintenance and education between

June 19, 1976 and February 6, 1978. This cost might well be greater before October, 1976 than after that time when Diane took up residence with and was provided for by appellant.

Upon remand, the trial court should receive evidence which will enable it to fashion an order and enter judgment in accordance with the foregoing opinion.

Reversed and remanded for proceedings consistent with the foregoing opinion.