## Klein v. Klein

*Ronald Ecker,* for plaintiff.
*William Chapas,* for defendant.

WETTICK, *A.J.,* December 10, 1980—The parties were married on June 14, 1941 and they have lived separate and apart since October 8, 1976. As of September 14, 1978 there has been an outstanding support order requiring plaintiff (husband) to pay to defendant (wife) $650 per month plus real estate taxes and landscaping expenses.

On July 7, 1980 the husband filed a complaint in divorce against his wife pursuant to section 201(d) of the Divorce Code of April 2, 1980, P.L. ____, 23 P.S. §201, which provides that a divorce may be granted where the parties have lived separate and apart for three years and the marriage is irretrievably broken. The wife filed an answer and new matter in which she admits these allegations and seeks alimony pendente lite, alimony, and equitable distribution of property.

On September 14, 1980 this court entered a divorce decree. At the time the decree was entered, this court had not considered the wife's claims for alimony pendente lite, alimony, and equitable distribution of property, so the divorce decree specifically provided that this court would retain jurisdiction of the claims raised by the parties to this action for which a final order had not yet been entered.

The issue raised in this case is whether the divorce decree terminates the September 14, 1978

support order or whether this support order remains in effect until this court considers the wife's claims for alimony and equitable distribution. The issue arises because the wife opposed the granting of the divorce decree until her alimony and equitable distribution of property claims were resolved because she feared that the divorce decree may terminate her husband's duty to pay support or alimony pendente lite. However, this court ruled that the issuance of a divorce decree would not affect the wife's right to support while her alimony and equitable distribution of property claims were pending and therefore issued the divorce decree. This opinion is filed in support of this ruling.

The Divorce Code of 1980 permits all matters arising out of the dissolution of the marital relationship to be disposed of in the same litigation (section 301(a)). Alimony and marital property claims require the parties and the courts to consider a large number of complicated factors (see sections 401(d) and 501(b) of the Divorce Code of 1980). Consequently, resolution of these claims will frequently involve lengthy litigation. Also these claims will usually be tried together because they are so closely intertwined. Divorce, on the other hand, is simplified by the new act. Most divorces will be based on section 201(c) which permits the courts to grant a divorce where the parties file affidavits stating that they consent to the divorce and on section 201(d) which permits a court to grant a divorce whenever the parties have been living separate and apart for three years and the marriage is irretrievably broken.

Because divorce claims can be so easily resolved, upon the request of either party it is the practice of this court to grant the divorce before the property claims are disposed of in order to permit the parties

to restructure their lives more promptly. It is this practice that raises the issue of whether support and alimony pendente lite orders will survive a divorce decree if claims for alimony and equitable distribution of property are pending.

Under prior law, the following principles of law governed the issue of the effect of a divorce decree on a court order to support a spouse. During the pendency of a marriage, a husband had a duty to contribute to his wife's support which could be enforced at any time during the marriage through the entry of a support order: Com. v. Turner, 258 Pa. Superior Ct. 388, 392 A. 2d 848 (1978); Com. ex rel Roviello v. Roviello, 229 Pa. Superior Ct. 428, 323 A. 2d 766 (1974). Also during the pendency of a divorce proceeding, this duty could be enforced through an award of alimony pendente lite: Freedman, Law of Marriage and Divorce in Pennsylvania §442; Heilbron v. Heilbron, 158 Pa. 297, 27 Atl. 967 (1893). The purpose of both support and alimony pendente lite was to assure that a dependent spouse would receive a reasonable living allowance, consistent with the other spouse's ability to pay: Com. ex rel. Bishop v. Bishop, 234 Pa. Superior Ct. 600, 606, 341 A. 2d 153, 156 (1975); Koehler v. Koehler, 73 Pa. Superior Ct. 41 (1919).

The obligation to provide support was imposed by law as an incident of the marital status: Com. ex rel. Roviello v. Roviello, supra; Com. ex rel. Lebowitz v. Lebowitz, 227 Pa. Superior Ct. 593, 307 A. 2d 442 (1973). Consequently, if the marital relationship was dissolved through a valid decree, in the absence of statutory authorization a court had no basis for awarding any alimony or other support. By the Act of April 4, 1925, P.L. 124, the legislature repealed prior legislation providing for alimony under ordinary circumstances and from 1925 until

the enactment of the Divorce Code of 1980 the legislature provided for alimony only in cases of mental illness: Act of May 2, 1929, P.L. 1237, sec. 45, 23 P.S. §45. Thus under the previous law which empowered a court to grant a divorce only on fault grounds, an innocent dependent spouse was entitled to support throughout the other spouse's life provided that he or she chose not to obtain a divorce. But if he or she chose to obtain a divorce, the divorce decree dissolved the marital relationship and thus terminated any right to support: Stambaugh v. Stambaugh, 458 Pa. 147, 329 A. 2d 483 (1974); Com. ex rel. Bortin v. Bortin, 210 Pa. Superior Ct. 355, 234 A. 2d 55 (1967).

Under the Divorce Code of 1980, any spouse who chooses to live separate and apart for three years can dissolve the marital relationship (provided that a court finds that the marriage is irretrievably broken). But because the act provides for alimony and equitable distribution of property, the dissolution of the marital relationship no longer terminates the duty to provide support to a dependent spouse.

Alimony, however, involves a consideration of different factors from those considered in awarding support and alimony pendente lite to a dependent spouse. Thus it may be argued that only an alimony award survives the divorce decree and that any duty to provide support and alimony pendente lite terminates upon the issuance of the decree. But such a result would be inconsistent with the purposes of the Divorce Code of 1980. By providing for support, alimony pendente lite, alimony and equitable distribution of property, the legislature intended to provide support for a dependent spouse throughout the pendency of the divorce litigation and thereafter.

At the same time, the legislature did not intend to

compel the courts to force parties to remain legally bound to one another until all property disputes were resolved. In the case of Casey v. Casey, No. 485 October Term, 1980, Common Pleas Court of Allegheny County (November 19, 1980, Strassburger, J.), a party to a marriage contended that this court erred in granting a divorce prior to disposing of property issues raised in the litigation. The court persuasively rejected that argument on the ground that it would defeat the legislative objectives of the Divorce Code to refuse to grant a divorce if other issues in the divorce litigation were pending:

". . . Any other result would fail to comply with the legislative objectives set forth in § 102(a)(1), (3), and (4) of the Code which provides: '(a) The family is the basic unit in the society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to: (1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience. . . . (3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs. (4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.' "These goals can be accomplished only by the prompt dissolution of a marriage that is demonstrably over (as defined by the Code), and allowing the parties to restructure their lives. The goals cannot be accomplished by tying the parties to a dead marriage while all of the complex and time-consuming financial details are litigated."

The legislative goals of temporarily providing support to a spouse until the property issues are disposed of and of promptly dissolving the marital relationship so that the parties may restructure their lives can be accomplished only by extending the obligation to provide support and alimony pendente lite until claims for permanent alimony and equitable distribution of property are resolved. Furthermore, such a result is not in any way inconsistent with the prior case law which terminated the spouse's duty to provide support upon entry of the divorce decree because this case law rested solely on the absence of any statutory authorization for continuing this obligation.* Such authorization is now implicitly contained in the Divorce Code of 1980 so the basis for the prior case law no longer exists.

Alimony pendente lite, if literally construed, means alimony while the litigation is pending: Black's Law Dictionary (rev. 4th ed. 1968). Under prior law, the duty to pay alimony pendente lite ended with the divorce because this was the only subject of the litigation. In Ponthus v. Ponthus, 70 Pa. Superior Ct. 39 (1918), the court held that alimony pendente lite continued while an appeal from the issuance of a divorce decree is pending. According to this court, the purpose of alimony pendente lite is to permit a dependent spouse to meet the expenses of carrying on or defending an action (including reasonable living expenses), so payments should continue as long as the action is

---

*Pennsylvania public policy has never opposed support payments after divorce to a former spouse: Gillan v. Gillan, 236 Pa. Superior 147, 345 A. 2d 742 (1975).

pending. Also see Com. ex rel. Entler v. Entler, 33 Lehigh 23 (1968). Thus so long as any claims raised in the divorce litigation are still pending, the principles enunciated in Ponthus bar automatic termination of alimony pendente lite.

This construction of the Divorce Code of 1980 does not enlarge the support rights of a dependent spouse because this court would not grant a divorce until the alimony and equitable distribution of property claims were resolved if a divorce decree terminated a dependent spouse's right to support or alimony pendente lite. Thus the only effect of this ruling is to provide for more prompt court consideration of divorce claims. And for the reasons set forth in Casey v. Casey, supra, the Divorce Code of 1980 should be construed to encourage this practice.

For these reasons, we conclude that the entry of a divorce decree does not alter the dependent former spouse's right to support pending the resolution of any outstanding alimony and equitable distribution claims.