## Tumpson Appeal.

Argued September 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and VAN DER VOORT, JJ. (SPAETH, J., absent).

*Barry P. Tumpson,* appellant, *in propria persona.*

*Richard A. Bell,* District Attorney, with him *William C. Kriner,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., October 17, 1975:

The appellant, Barry P. Tumpson, was convicted of indirect criminal contempt[1] for allegedly advising a client to disobey a court order. On this appeal, appellant contests

---

1. The Superior Court has jurisdiction of this action. *See* The Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. I, §101 (17 P.S. §211.101) *et seq. See also Commonwealth v. Harris,* 409 Pa. 163, 185 A.2d 586 (1962).

the propriety of his conviction. We agree that appellant was not in contempt, and will reverse the conviction and vacate the sentence.

The relevant facts may be summarized as follows: On August 5, 1975, the Honorable John K. REILLY, JR., orally advised a juvenile probation officer that a hearing would be held on August 11, 1975, in the case of Brian K. Carns. The probation officer informed the judge that he would notify the juvenile of the time and place. He then visited the juvenile and orally informed him that the court would hold a hearing on August 11, 1975.

When the case was called on August 11, Brian did not appear. A bench warrant for his arrest was executed, and the hearing rescheduled for August 25. Brian appeared at the second hearing and testified that he was not present at the first hearing due to the advice of his counsel, the appellant herein.

As a result of Brian's testimony, the judge issued a contempt citation against appellant for having advised the juvenile "to disregard and disobey the Order of this Court." Mr. Tumpson was ordered to show cause why he should not be held in contempt at a hearing scheduled the following day.

At the hearing on August 26, appellant requested a continuance for the purpose of obtaining counsel. He also asked for a certified copy of the order which he purportedly advised Brian Carns to disobey. The court refused to supply the certified copy, stating that the order was oral, but delayed trial until August 29, 1975, so that appellant could obtain counsel or otherwise prepare himself for trial. The judge refused appellant's motion for recusation, and sat as the fact-finder at trial. Following trial, appellant was found to be in contempt of court, and fined $50.[2] This appeal followed.

---

2. Neither the procedures employed by the court below nor its findings of fact need be detailed in this opinion in view of our disposition of the case.

Our review of the record has convinced us that appellant may not be found in contempt. The oral order[3] which appellant allegedly advised his client to disregard was never entered of record, and consequently has no force or effect. As the Pennsylvania Supreme Court stated in *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1, 7-8, 253 A.2d 263, 267 (1969): " *'The verbal statement of the Court,* made at the hearing of the rule for attachment, and recited in the answer to appellant's rule to set aside the attachment proceedings, *is of no consequence whatever. Decrees and orders of courts of record cannot be carried in the breast of the judge who makes them. If any regard is to be had to the regular and orderly conduct of judicial proceedings in such courts, all their orders, rules and decrees must be recorded.* The verbal order referred to never was recorded, and its first and only appearance in the case is the reference made to it in the appellee's answer to appellant's rule to show cause. Further elaboration is unnecessary. There is nothing whatever in the record to justify the attachment proceedings against the appellant.' " (emphasis added), quoting *In re Garis*, 185 Pa. 497, 501, 39 A. 1110 (1898).

This court has recently stated that the court's power to punish for contempt is limited to situations in which it has both the jurisdiction and the power or authority to render the particular decree or order. *See Commonwealth ex rel. Roviello v. Roviello*, 229 Pa. Superior Ct. 428, 323 A.2d 766 (1974), and cases cited therein. While the court below had the authority to order the juvenile to appear at a hearing in compliance with the Juvenile Act, Act of Dec. 6, 1972, P.L. 1464, No. 333, §1 (11 P.S. §50-101) *et seq.,* no valid order was ever entered of record. Consequently, the court could not hold appellant

---

3. The Juvenile Act, Act of Dec. 6, 1972, P.L. 1464, No. 333, §18 (11 P.S. §50-315(a), (d)), clearly specifies that the juvenile shall be provided with *written* notification of the hearing by means of a summons and copy of the petition.

in contempt for advising a client to disregard a non-recorded order. *Commonwealth ex rel. Magaziner v. Magaziner, supra.*

The conviction of contempt is reversed, the sentence vacated, and the appellant discharged.

SPAETH, J., did not participate in the consideration or decision of this case.