495 A.2d 974

**In the Interest of Thomas G. VAGLICA, a Minor.**

**Appeal of Thomas G. VAGLICA.**

Superior Court of Pennsylvania.

Submitted April 9, 1985.

Decided July 5, 1985.

32

Joseph A. Grappone, Assistant Public Defender, Holidaysburg, for appellant.

James H. English, Assistant District Attorney, Holidaysburg, for appellee.

Before WIEAND, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant Thomas G. Vaglica appeals his adjudication of delinquency on a charge of violating 18 Pa.C.S. § 2905. We reverse.

On August 5, 1981, appellant's mother Rosa Barr was arrested. Appellant was playing basketball nearby and the officer stopped and picked up appellant before proceeding to City Hall. Mrs. Barr also had her two infant children with her. An adult friend of the family met them at City Hall. At the time, appellant was 17 years 8 months of age. Children and Youth Services learned of the situation, telephoned a judge and obtained an oral order for custody of the two infants. When the caseworker attempted to take

physical custody of the children, appellant refused to relinquish them. Police officers were summoned for assistance and appellant was charged with interference with the custody of committed persons.

Appellant argues that the evidence does not support the adjudication of delinquency under these circumstances. We agree.

■■■ The offense of interfering with the custody of committed persons is committed if a person "knowingly or recklessly takes or entices any committed person away from lawful custody when he is not privileged to do so." 18 Pa.C.S. § 2905. In the instant case, appellant was told that someone had telephoned a judge who had verbally granted custody to Children and Youth Services. He was not shown any court order because no written order existed until the following day. In similar circumstances, this court has held that an attorney cannot be held in contempt for advising a client to disregard an oral order (made outside the presence of the client) since such an order "has no force or effect." *In re Tumpson*, 236 Pa.Super. 568, 345 A.2d 774 (1975). Therein we applied the principle stated in *In re Garis*, 185 Pa. 497, 39 A. 1110 (1898):

> ... The verbal statement of the court ... is of no consequence whatever. Decrees and orders of courts of record cannot be carried in the breast of the judge who makes them. If any regard is to be had to the regular and orderly conduct of judicial proceedings in such courts, all their orders, rules, and decrees must be recorded.

Appellant was adjudicated delinquent on essentially the same evidence as was held to be insufficient to support an adjudication of contempt in *In re Tumpson, supra*. If a duly recorded order is required to support an adjudication of contempt, we think nothing less than that can be required to support a violation of a criminal statute.

The adjudication of delinquency is reversed.