Commonwealth *v.* Moon, Appellant.

Argued November 17, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*C. Henry Nicholson,* for appellant.

*M. A. Kornreich,* District Attorney, with him *Harold S. Hampson,* for appellee.

OPINION BY WRIGHT, J., December 29, 1953:

This is an appeal from a decree of the Court of Quarter Sessions of Warren County discharging appellant's rule to show cause why a charge of non support should not be dismissed and the order of support vacated.

On July 24, 1952, Janet Moon made complaint before an alderman in Fayette County alleging that "the Defendant, aforesaid, to wit, Norman Moon, did then and there unlawfully make an assault upon Janet Moon (Mrs. Norman Moon) by beating her with his fists and knocking her to the floor and calling her profane and vulgar names. Several times between the hours of 6 p.m. and 10 p.m. the defendant to wit, Norman Moon, did then and there state that he would take the life of Janet Moon, his wife, unless she left their trailer home located at Morrell, in Dunbar Township, and Janet Moon states that from the action and appearance of the defendant, she is afraid he will take her life and that she is actually afraid of the defendant, Norman Moon. . . . Complainant therefore prays and desires that a warrant may issue, and the defendant may be arrested and held to answer this charge of Assault & Battery. Surety of the Peace. Desertion & Non Support and further deponent sayeth not". It should be noted that the allegations in the information do not include desertion and non support, although such a charge is contained in the concluding prayer.

The transcript shows that a hearing was held at which the wife testified as to the assault and battery; and further, that "defendant refused her support and she is dependent upon her mother for support and upon her neighbors for shelter". Appellant entered into a recognizance to appear before the Court of Quarter Sessions of Fayette County to answer a charge of Assault and Battery, Surety of the Peace, and

Desertion and Non Support. The wife also entered into a bond to appear and testify to the same charges on behalf of the Commonwealth. On the back of the transcript the charges were similarly listed as Assault and Battery, Surety of the Peace, and Desertion and Non Support. The docket of the Court of Quarter Sessions of Fayette County shows the case entered at No. 118 September Term 1952, and lists the charges as "Assault & Battery, Surety of the Peace—Desertion & N.S." Nothing further was done in Fayette County.

The wife thereafter moved to Warren County and, on September 8, 1952, filed a complaint in that county charging appellant with desertion and non support. Several hearings were held and, on December 29, 1952, the Court of Quarter Sessions of Warren County ordered appellant to pay the sum of $30.00 per week for the support and maintenance of his wife. He has never paid anything under this order and, at the time of the hearing on the rule, was in arrears some $1080.00. On July 31, 1953, appellant presented his petition to the Court of Quarter Sessions of Warren County praying for the dismissal of the complaint against him on the ground that a prior prosecution in Fayette County on the same charge was still pending, so that the Court of Quarter Sessions of Warren County was without jurisdiction to enter the support order against him.

Under section 733 of the Act of 1939, P. L. 872, 18 P.S. 4733, the only jurisdictional requirement is the physical presence of the husband or father within the limits of the Commonwealth: *Commonwealth ex rel. v. Bucciarelli*, 162 Pa. Superior Ct. 582, 60 A. 2d 554. Appellant relies, however, on the proposition that where two tribunals have concurrent jurisdiction over any subject matter, the court in which the proceedings are first commenced has priority and no other court

may limit the power of the first tribunal to dispose of the case: see *Commonwealth v. Brook,* 93 Pa. Superior Ct. 282. He contends that, since a prosecution for desertion and non support is pending in Fayette County, the Court of Quarter Sessions of Warren County cannot acquire jurisdiction by virtue of a subsequent complaint on the same charge involving the same parties.

Appellant's contention is well-founded as a general proposition of law, but it cannot be applied to the factual situation in the case before us. The record shows that the complaint filed by the wife in Fayette County, from which we have already quoted at length, charged appellant with assault and battery and surety of the peace. If it was also intended to contain a charge of desertion and non support, the fact remains that such a charge was not included. In cross-examining prosecutrix at the hearing before the Court of Quarter Sessions of Warren County on September 26, 1952, appellant (who was then acting as his own attorney) asked "did you bring assault and battery and surety of the peace charges against me in front of an alderman in Connellsville", thereby indicating his understanding of the charges in Fayette County.

While the information used to institute a criminal proceeding need not set forth the charge with the particularity of an indictment, nevertheless it must state the offense committed by the defendant, its general nature, and its time and place: *Commonwealth ex rel. Garland v. Ashe,* 344 Pa. 407, 26 A. 2d 190; *Commonwealth v. Gelbert,* 170 Pa. 426, 32 A. 1091. It is not probable that appellant would appear before the Court of Quarter Sessions of Fayette County to answer the charge of non support without endeavoring to assert that such a charge was not included in the complaint. He cannot here be allowed to escape prose-

cution under a properly drawn complaint. A sufficient answer to his contention that the Court of Quarter Sessions of Warren County may not inquire into the regularity of the proceedings in Fayette County is that the record certified from Fayette County shows that no judgment or decree has ever been entered. Since that record also shows that no complaint for desertion and non support was actually made, the charge in Warren County was not a duplication of the charge pending in Fayette County: see *Commonwealth v. Carson*, 82 Pa. Superior Ct. 291.

Finally, appellant did not raise the question of jurisdiction until a bench warrant had been issued for failure to pay, and seven months after the entry of the support order. He does not now assert that the Court of Quarter Sessions of Warren County lacked authority over the subject matter, a fatal defect which could be raised at any stage of the proceeding: see Sadler's Criminal Procedure, second edition, section 7. The objection that there was a prior action pending in Fayette County should have been raised before the entry of the support order in Warren County.

The decree of the lower court discharging the rule is affirmed.