453 A.2d 1045

COMMONWEALTH of Pennsylvania

v.

William R. EISEMANN, Donald V. Frederick, Diann H. Stuempfle, Alfred E. Hoberman, Glenn R. Tweed.

Appeal of George MILLER.

COMMONWEALTH of Pennsylvania

v.

Horace F. HANNA, Jr. and R. Bruce McCormick.

Appeal of George MILLER.

Superior Court of Pennsylvania.

Argued Dec. 15, 1981.

Filed Dec. 17, 1982.

See also, 276 Pa.Super. 543, 419 A.2d 591.

George Miller, in pro. per.

Frederick D. Lingle, District Attorney, Lock Haven, for Commonwealth, appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

These cases come to us on appeal from the Court of Common Pleas of Clinton County, Criminal Division, and involve appellant's appeals from orders of the court entered

December 31, 1980 and April 30, 1981, by which the court below refused to approve the appellant's request to charge the appellees with various criminal offenses. The appellant is a private prosecutor who wants to charge the mayor and four council members of the City of Lock Haven, Pennsylvania, with violations of Section 5301 of the Crimes Code of Pennsylvania (Official Oppression).[1] Appellant is Chairman of a group called the "Citizen's in Action Committee". After attempting and failing to get the District Attorney to approve the charges, the appellant filed his criminal complaints with the court below which also refused to approve them. Appellant now appeals the orders of the court below which refused to approve his private prosecution to our Court.

The instant appeals arise from a meeting of the Lock Haven City Council which took place on April 3, 1978. At this public meeting the appellant appeared and asked to address the City Manager. He then proceeded to question the City Manager with respect to the hiring and resignation of a former city code enforcement officer. A heated discussion between appellant and various members of council then ensued. The Council subsequently voted not to discuss the matter any further and refused to answer any more of appellant's questions regarding the former code enforcement officer. Appellant then prepared criminal complaints against the mayor and several council members seeking to charge them with "Official Oppression". Apparently appellant believes that he has some sort of constitutional right to speak at council meetings and that any attempt to limit his

[1].     "OFFICIAL OPPRESSION

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights;  or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity."

speeches to the council constitutes the criminal offense of "Official Oppression".

Of course, neither the District Attorney nor the court below would entertain appellant's spurious criminal complaints. The defendant then appealed the court's refusal to approve the charges to our Court. In *Commonwealth v. Eiseman*, 276 Pa.Superior Ct. 543, 419 A.2d 591 (1980) we held that: (1) *Pennsylvania Rule Criminal Procedure 133(B)(1)* mandates that a person who is not a police officer desiring to file misdemeanor or felony charges against another which charges do not involve a clear and present danger to the community or to any person, must obtain the approval of such charges from the appropriate district attorney; (2) that the district attorney enjoys prosecutorial discretion as to whether to approve or disapprove a private criminal complaint, and that courts should not interfere with that discretion unless there has been a gross abuse thereof; (3) that the said Rule permits a person to appeal a district attorney's decision refusing to approve such charges to the Court of Common Pleas; (4) that the provision in the Rule allowing an appeal of the district attorney's disapproval of such charges to the court constitutes sufficient checks and balances upon the district attorney's actions so as to comply with constitutional due process requirements; (5) in the instant case the district attorney and the court below found that the appellant would not be able to sustain a conviction on the charges proposed by the appellant. We agreed with their decisions as each had a responsibility to prevent the misuse of judicial and prosecutorial personnel in pursuit of futile convictions; and (6) that the issue as to whether a private criminal complainant has the right to file an appellate court appeal in such a case is reserved for future consideration.

Because the appellant had failed to demonstrate a gross abuse of discretion by the district attorney we affirmed the decision of the court below. Appellant did not appeal our previous decision, but, instead, attempted to refile the criminal complaints. This time he also named two additional

members of the city council as defendants. Again, the court below affirmed the district attorney's refusal to approve the criminal complaints. We will again affirm the court below and adopt our holding and reasoning set forth in *Commonwealth v. Eisemann,* supra, as applicable to the instant case.

We also point out that in order to constitute the offense of "Official Oppression", the person acting in the "official capacity" must *knowingly* and *illegally* deny or impede another in the exercise of some "right", "power" or "immunity", or must knowingly and illegally subject another to "arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights". [Emphasis—ours.] We hold that the word "knowing" means that the accused must have been acting in "bad faith" when he subjected the other to the proscribed activities. Obviously, if one acting in an official capacity mistakingly places a "lien" on the property of another he does not commit the crime of "Official Oppression". The use of the word "knowing" in defining the offense obviously is intended to include as an element of the crime that the actor be guilty of "bad faith" in order to be guilty thereof. There is no evidence that any of the defendants acted in "bad faith" in our case. Contrary to appellant's belief an individual has no "right" to speak at public municipal meetings, any more than he has the right to address the state legislature or Congress while they are in session. According to custom and practice most local governments afford individuals the opportunity to address the local governmental bodies but such practice is not required and local governments surely have the right to establish and enforce rules and regulations governing individuals' conduct at public municipal meetings. Furthermore, there is no requirement that any individual attending a public meeting be given unlimited time to address the body on real or imagined evils or on any other matter. To rule otherwise would be to permit any person to destroy the effectiveness of a local government by monopolizing its

time at public meetings where its business must be conducted. See *65 P.S. 261, et seq.* (Open meetings, law). In the instant case the appellant was permitted to address the city manager and council members at a public meeting. However, when his address to council disintegrated into a belabored "shouting match" the city council voted to end discussion of the topic. As stated above, a local governmental body is under no duty to grant anyone unlimited time at a public meeting. Appellant, therefore, was not deprived of any "right" when council ended the discussion and sought to move on to other business. Thus, it is clear that Appellant's attempt to bring criminal charges of "Official Oppression" against appellees had no reasonable possibility of succeeding and would constitute a waste of judicial resources. A district attorney has a duty to achieve justice. This duty includes the obligation to prevent the misuse of judicial and prosecutorial personnel in the pursuit of futile convictions. See *Commonwealth v. Eisemann,* supra. It also includes the duty to prevent the misuse of the criminal justice system for "harassment" purposes. We find that in the instant case the district attorney did not abuse his discretion in disapproving appellant's private, criminal complaints.

Orders affirmed.