506 A.2d 1312

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Chester MUROSKI.**

**Appeal of James PAGE.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1985.

Filed March 10, 1986.

16

John M. Eakin, District Attorney, Carlisle.

Before SPAETH, President Judge, and BROSKY, ROW-LEY, WIEAND, McEWEN, CIRILLO, OLSZEWSKI, MONTEMURO and TAMILIA, JJ.

McEWEN, Judge:

We are here called upon to determine whether a private complainant has standing to appeal from a trial court order sustaining the disapproval[1] by the district attorney of a private criminal complaint and, if so, whether, in the instant case, the trial court abused its discretion or committed an error of law by concluding that the district attorney properly exercised his discretion in disapproving the private criminal complaint filed by appellant.

Appellant, James Page, an inmate at the Huntingdon State Correctional Institution, filed a private criminal complaint against Chester B. Muroski on January 7, 1983, alleging that Mr. Muroski had, fifteen months earlier, on

---

1. Pa.R.Crim.P. 133(B)(3)(ii) provided as follows:

    **Rule 133.  Complaint:  Police and Private Affiant**
    *       *       *       *       *       *

    **(B) PRIVATE COMPLAINTS:**
    *       *       *       *       *       *

    (3) If the attorney for the Commonwealth
    *       *       *       *       *       *

    (ii) disapproves the complaint, he shall state his reasons on the complaint form and return it to the affiant.  Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval.

    This Rule was rescinded effective January 2, 1985.  The pertinent text of the now rescinded Pa.R.Crim.P. 133(B)(3)(ii) currently appears as Pa.R.Crim.P. 133(b)(3).

18

August 24, 1981, at the Camp Hill State Correctional Institution, committed the crimes of criminal conspiracy, criminal solicitation, threats and other improper influence in official and political matters, obstructing administration of law or other governmental function and official oppression. The private complaint was disapproved five months later by the Cumberland County District Attorney's Office on June 7, 1983, because the complaint did not set forth any probable cause. Appellant then filed his private complaint with the Court of Common Pleas of Cumberland County pursuant to Pa.R.Crim.P. 133(B)(3)(ii). The trial court reviewed the private complaint and affidavit, concluded that the complaint failed to state any probable cause, and likewise disapproved of the filing of the complaint, thus sustaining the decision of the district attorney. We conclude that appellant does have standing to bring this appeal and that the trial court properly concluded that the district attorney did not abuse his discretion.

■ The Commonwealth asserts that appellant has no standing to bring this appeal and relies upon *Commonwealth v. Malloy*, 304 Pa.Super. 297, 450 A.2d 689 (1982), to support its assertion. *Malloy* is, however, neither controlling nor helpful to the Commonwealth since it presented a fundamentally different situation. The district attorney in *Malloy* approved a private criminal complaint and, after a preliminary hearing, the district justice concluded that the district attorney had established a *prima facie* case. Nonetheless, the trial court in *Malloy*, after it had conducted a study of the transcript of the testimony of the preliminary hearing, in response to *habeas corpus* proceedings initiated by the defendants, determined that a *prima facie* case had not been established and directed that the charges be dismissed and the defendants discharged. When the district attorney did not appeal from the order dismissing the charges, the private complainants undertook appeal proceedings. The Superior Court ruled that a victim/complainant is not a party to the criminal proceedings and proceeded to quash the appeal. The Court in *Malloy* held that the

district attorney, as the representative of the state, is the party plaintiff in a criminal prosecution, while the victim/complainant is merely a witness. The victim of an alleged crime, therefore, has no standing to appeal a judicial determination that a complaint must be dismissed by reason of a failure by the Commonwealth to establish a *prima facie* case.

Unlike *Malloy*, the question here is *not* whether a private complainant has standing to appeal after the district attorney has approved the complaint and a trial court has determined that no *prima facie* case has been established. Rather, the district attorney here did not approve the private criminal complaint and there has been no judicial determination regarding the insufficiency of the case against Mr. Muroski. Thus, *Malloy* is distinguishable from the matter which we presently consider.

We also distinguished *Malloy* in *In re: Wood*, 333 Pa.Super. 597, 482 A.2d 1033 (1984) and held that an individual—who, pursuant to Pa.R.Crim.P. 133(B)(3)(ii), files a complaint with the Common Pleas Court for the approval of that court—is a party to an action seeking an order directing the district attorney to initiate a prosecution and, thus, is a party with a right to appeal from an order of the trial court rejecting his criminal complaint. *Id.*, 333 Pa.Superior Ct. at 599–601, 482 A.2d at 1035. We here repronounce that rule as we conclude that appellant was a party to the instant action and thus has standing to appeal the decision of the trial court that determined the district attorney had properly disapproved the private criminal complaint. *See* Pennsylvania Constitution Art. V, Sec. 9; 42 Pa.C.S. § 5105; Pa.R.A.P. 501. The motion of the Commonwealth to quash the appeal is, therefore, denied.

We must now determine whether the trial court abused its discretion or committed an error of law when it decided the prosecutor had not acted improperly in disapproving the private complaint of appellant. No one would dispute that the district attorney has broad discretion in deciding whether to charge a person with a criminal offense. " 'This

20

discretionary power of the District Attorney in determining whether prosecution shall be commenced or maintained may well depend on matters of policy wholly separate and apart from the existence of probable cause. For this reason, the courts have been wary of interfering with or attempting to supervise the district attorney in the exercise of his discretion in controlling criminal prosecutions.' " *In re: Wood, supra,* 333 Pa.Superior Ct. at 601–03, 482 A.2d at 1036; *quoting Commonwealth v. Eisemann,* 276 Pa.Super. 543, 546, 419 A.2d 591, 592 (1980). *See U.S. v. Cox,* 342 F.2d 167, 171 (5th Cir.1965), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700. *See also* A.B.A. Standards Relating to the Prosecution Function and the Defense Function § 3.4.

Our determination of whether the district attorney abused his discretion must necessarily commence with an examination of the private criminal complaint which, in this instance, is composed of two completed forms:

DISTRICT JUSTICE
TERIAL DISTRICT NO.

A 31160

| Complaint Number | Other Participants |
| --- | --- |

| INCIDENT NUMBER | UCR NO. | OTN |
| --- | --- | --- |

ttorney's Office Ⓑ ☐ Approved ☒ Disapproved because: No probable cause

(Signature)
's Pace
*(Name of Affiant)*

COMMONWEALTH OF PENNSYLVANIA
DEFENDANT: VS.
NAME Chester B. Kuroski
AND R.D.
ADDRESS Bear Creek, Pa.

*y department or agency represented and political subdivision*
Drawer R, Huntingdon, Pennsylvania 16652

R.S.A.
AKA

state under oath or affirmation, to the best of my knowledge, information and belief:
accuse the above named defendant, who lives at the address set forth above or,
accuse an individual whose name is unknown to me but who is described as

is nickname or popular designation is unknown to me and, therefore, I have designated him herein as John Doe;
a violating the penal laws of the Commonwealth of Pennsylvania at *(Place Political Subdivision)*

in County on or about
ipants were *(if there were participants, place their names here, repeating the name of above defendant):*

acts committed by the accused were: Ⓐ Criminal Solicitation, Criminal Conspiracy, Threats and r improper influence in Official and Political matters, Obstructing Administration of law other Governmental function and Official Oppression, in that Chester B. Kuroski did in fact dinely, recklessly and intentionally solicited, threaten and conspire with R. K. Marks to orize James Pace. Chester B. Kuroski acting in his official capacity interference Pace's it to freedom of speech and mail. Said criminal acts were committed by Chester B. Kuroski r about August 24, 1981 at the Pennsylvania Bureau of Corrections, Cumberland County, Camp 11, Penna.

SWORN AND SUBSCRIBED TO BEFORE US
THIS 5 DAY OF January, 1943

A NOTARY PUBLIC OF PENNSYLVANIA

**21**

RICHARD L MORRIS NOTARY PUBLIC

h were against the peace and dignity of the Commonwealth of Pennsylvania which contrary to the Act of Assembly, tion of 902, 903, 4702, 5101 and 5301 _____ of the Act of _____.

*(Section)* *(Sub-section)*

_____ Ordinance of _____.

*(Political Sub-division)*

that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I made. I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on _____, 19 ____, before _____, _____

*(Signature of Affiant)*

nally appeared before me on _____, 19 ____, the affiant above named who, being duly (affirmed) according to law, signed the complaint in my presence and deposed and said that the facts set therein are true and correct to the best of affiant's knowledge, information and belief.

_____ (SEAL)

*(Issuing Authority)*

W, on this date _____, 19 ____, I certify the complaint has been properly sworn to and before me, and that there is probable cause for the issuance of process.

_____ (SEAL)

*(Magisterial District)* *(Issuing Authority)*

| ARREST WARRANT AFFIDAVIT | COMPLAINT NO. | YEAR | TYPE | NUMBER |
|---|---|---|---|---|

JUSTICE OF THE PEACE
MAGISTERIAL DISTRICT NO. _____

| COMMONWEALTH OF PENNSYLVANIA | : | COMMONWEALTH OF PENNSYLVANIA |
|---|---|---|
| | : | VS. |
| COUNTY OF CUMBERLAND | : | CHESTER B. MUROSKI |
| | : | RD. |
| | | BEAR CREEK , PA. |

I, James Page, K-5622, Drawer R, Huntingdon, Pennsylvania 16652 being duly sworn before me according to law deposes and says that there is probable cause to believe that;

The crimes of Criminal Conspiracy, Criminal Solicitation, Threats and other influence in official and political matters, Obstructing administration of law or other Governmental function and Official Oppression, were committed by Chester B. Muroski on or about August 24, 1981 at the Pennsylvania Bureau of Corrections, Camp Hill, Penna.

Chester B. Muroski committed the above crimes when he solicited the assistance of R. M. Marks to violate the Constitutional Rights of James Page. Chester B. Muroski threatened unlawful harm to R. M. Marks with the intent to influence his decision and then Muroski did in fact conspire with Marks to terrorize Page. Chester B. Muroski acting in his official capacity intentionally obstructed by physical interference Page's right to freedom of speech and mail.

I ask that a Warrant be issued for Criminal Solicitation, Criminal Conspiracy, Threats and other improper influence in Official and Political matters, Obstructing Administration of law or other Governmental function and Official Oppression.

James Page

Drawer R , Huntingdon, Penna.
16652

SWORN TO AND SUBSCRIBED BEFORE ME

THIS �via DAY OF JANUARY, 1983

_____
Notary Public

MAGISTRATE DISTRICT NO. _____

OFFICE ADDRESS _____

DATE COMMISSION EXPIRES _____

The decision of the district attorney appears at the top of the first page with the note that the complaint is disapproved because there is "no probable cause".

Pa.R.Crim.P. 132(6)(a), which sets forth the quite explicit prerequisite that a criminal complaint set forth such a summary of the facts that a defendant would be apprised of the nature of the offense charged, provides:

### RULE 132.   Contents of Complaint

\*       \*       \*       \*       \*       \*

(6)(a) In a court case, [every complaint shall contain] a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint, nor shall a citation of the statute allegedly violated, by itself, be a sufficient compliance with this subsection....

Pa.R.Crim.P. 132(6)(a).

The trial court, pursuant to Pa.R.Crim.P. 133(B)(3)(ii), reviewed the private complaint and affidavit of appellant and disapproved the complaint because it was insufficient as it failed to aver facts of criminal activity.

[C]areful consideration of the affidavit discloses that it is insufficient because it consists solely of generalities without specifics. The complaint likewise displays a complete failure to aver any facts supporting the alleged criminal activity.

We have reviewed the complaint and affidavit as we are required to do pursuant to Pa.R.Crim.P. 113(B)(3)(ii) [sic] and conclude that the district attorney's disapproval of the complaint was warranted. We, therefore, likewise disapprove of the filing of this complaint.

Trial Court Opinion, p. 1–2.

▮▮▮ We agree with the conclusion of the trial court that the complaint and supporting affidavit are fatally defective

due to the absence of any factual averments concerning criminal activity by Mr. Muroski. It is incumbent upon a private complainant to provide the district attorney with sufficient facts to enable him to make an informed decision regarding whether to permit the commencement of criminal proceedings. While some investigation into the allegations of a properly drafted complaint may be necessary in order to enable the district attorney to properly exercise his discretion concerning the decision whether to approve the complaint, such investigation is not necessary where the allegations of criminal conduct contained in the complaint are unsupported by factual averments. Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in pursuit of futile prosecutions. *In re: Wood, supra,* 333 Pa.Super. at 603–04, 482 A.2d at 1037. The facts to support the allegations of criminal activity, if there are any, are either known by the private complainant or are ascertainable by him. The trial court is not required by Pa.R.Crim.P. 133(B)(3)(ii) to grant a hearing on the matter to determine if there were facts, undisclosed by the appellant but known to him, to support the allegations.[2] *In re: Wood, supra,* 333 Pa.Superior Ct. at 601–03, 482 A.2d at 1036; *Commonwealth v. Eisemann, supra,* 276 Pa.Super. at 545 n. 4, 419 A.2d at 592 n. 4; *Petition of Piscanio,* 235 Pa.Super. 490, 495, 344 A.2d 658, 661 (1975).

Thus, we find that the ruling of the trial court was not an abuse of discretion and, thereby, of course, conclude that the district attorney did not abuse his discretion when he disapproved the private criminal complaint of appellant. We, therefore, affirm the order of the distinguished President Judge Dale F. Shughart.

Order affirmed.

**2.** The private complainant whose criminal complaint is disapproved by the district attorney and the Court of Common Pleas for failure to set forth sufficient facts is, of course, not precluded from filing a subsequent, amended criminal complaint which does allege sufficient facts. *See* e.g., *Commonwealth v. Eisemann,* 308 Pa.Super. 16, 453 A.2d 1045 (1982); *Commonwealth v. Eisemann,* 276 Pa.Super. 543, 419 A.2d 591 (1980).

SPAETH, President Judge, files a concurring and dissenting opinion.

CIRILLO, J., files dissenting opinion.

ROWLEY, J., joins CIRILLO, J., dissenting opinion.

SPAETH, President Judge, participated in this decision before the expiration of his term on the Court.

SPAETH, President Judge, concurring and dissenting:

I agree with the majority that a private complainant has standing to appeal a trial court's decision upholding a district attorney's refusal to approve the complaint. I disagree with the majority, however, regarding the scope of the district attorney's responsibility to review the complaint, and also, regarding the scope of the trial court's review on appeal from the district attorney's refusal to approve the complaint.

The majority holds that a privant complainant must allege sufficient facts to enable the district attorney to make an "informed decision" on whether to prosecute. Maj. at 1317. I find this requirement equivalent to a requirement that a private complaint must allege probable cause, and in my opinion, that is too strict a requirement. I should hold that the district attorney may be obliged to investigate a private complaint even though the complaint does not allege sufficient facts to show probable cause to prosecute; it is enough, I believe, if the complaint states the general nature and time and place of the offense.

The majority further holds that the trial court, on appeal from the district attorney's refusal to approve the private complaint in this case, had only to determine whether the complaint alleged probable cause. I believe that the court should have determined, either by hearing or upon affidavit, whether the district attorney investigated the complaint, and then, having made that determination, should further have determined whether the district attorney's refusal to approve the complaint was a gross abuse of discretion. I

should therefore remand this case to the trial court with instructions to make those determinations.

### Appellant's Standing to Appeal

I join in so much of the majority's opinion as holds that appellant has standing to appeal the trial court's decision upholding the district attorney's refusal to approve appellant's private criminal complaint.

### The District Attorney's Duty to Investigate

-a-

The majority holds that

[i]t is incumbent upon a private complainant to provide the district attorney with sufficient facts to enable him to make an informed decision regarding whether to permit the commencement of criminal proceedings. While some investigation into the allegations of a properly drafted complaint may be necessary in order to enable the district attorney to properly exercise his discretion concerning whether to approve the complaint, such investigation is not necessary where the allegations of criminal conduct contained in the complaint are unsupported by factual averments.

Maj. at 1317.

While this statement does not in so many terms require that a private complaint must allege probable cause, I am unable to interpret it in any other way. In the majority's view, "investigation [of the allegations of a private criminal complaint] is not necessary" unless the complaint alleges "sufficient facts" to justify a decision to "commence[ ] criminal proceedings." Since criminal proceedings may be commenced only upon probable cause, *see* American Bar Association Standards for Criminal Justice, The Prosecution Function (2d ed. 1982) § 3–3.9, it follows that, according to the majority, a district attorney's responsibility upon receipt of a private complaint is limited to reading the complaint and determining whether it alleges probable cause to prosecute; only if the complaint does allege probable cause is the

district attorney obliged to investigate the complaint. In my view, this imposes too strict a requirement on a private complainant, and takes too limited a view of a district attorney's responsibilities.

When a district attorney receives a private criminal complaint, the issue of whether the complaint states probable cause is a pure issue of law; its resolution in no sense involves any exercise of the district attorney's discretion. In contrast, the issue of what to *do* about the complaint— whether to approve it, disapprove it, or investigate its allegations—necessarily involves an exercise of the district attorney's discretion. This is true of *any* complaint, whether the complaint does or does not state probable cause, and whether it has been filed by a private citizen or a police officer.

It used to be that the initiation of a prosecution was a matter for the victim, or his family or friends. However, with the acceptance of the idea that the criminal law, unlike, for example, the law of contracts or property, is to vindicate public rather than private interests, this situation was fundamentally changed. Now we require that the decision to prosecute or not be made by the district attorney, as a responsible public official trained in the law. The private prosecution, or complaint, is only a sort of "safety valve" for those situations where the district attorney does not act. In this way, we believe, we gain some assurance that both the rights of the accused and of the public will be protected. Thus, among the most important of the district attorney's responsibilities are the responsibilities to investigate complaints, determine whether there is substance to them, and determine whether a prosecution should be initiated. *See generally* American Bar Association Standards for Criminal Justice, The Prosecution Function (2d ed. 1982) §§ 3–3.1 and accompanying commentary; (although prosecutor ordinarily relies on police for investigation, he has "an affirmative responsibility to investigate suspected illegal activity when it is not adequately dealt with by other agencies"); *State ex. rel. Koppers v. International Union of Oil, Chemical*

*and Atomic Workers,* —— W.Va. ——, 298 S.E.2d 827 (1982) (discussing role of prosecuting attorney); *see also, People v. Pohl,* 47 Ill.App.2d 232, 197 N.E.2d 759 (1964) (prosecuting attorney must investigate facts and determine whether crime has occurred); *State v. Graves,* 346 Mo. 990, 144 S.W.2d 91 (1940) (prosecuting attorney may not close eyes to notorious law violations). It is these responsibilities, in combination with the confidence we repose in the district attorney as a responsible public official, that underlie, and explain, our decisions that when a district attorney exercises his discretion not to prosecute, we will disturb his decision only when it represents a gross abuse of discretion.

The district attorney's responsibility to investigate a complaint is peculiarly demanding in the case of a private complaint. For a private complaint, by reason of the very fact that it *is* private, is likely to be inartfully expressed. Investigation may nevertheless disclose that a crime was committed, the complaint not disclosing that fact only because the complainant did not know how to express it. Therefore, upon receiving a private criminal complaint, the district attorney may not, as the trial court held, and as the majority holds, only look to see whether the complaint states probable cause, and if it does not, disapprove it. The district attorney must further ask whether, even though the complaint does not state probable cause, it warrants some investigation. Of course, after such an investigation the district attorney may still decide to disapprove the complaint, for the investigation may disclose, not that the complaint is inartfully expressed, but that it is without substance; or there may be other reasons that warrant a decision by the district attorney, in the exercise of his discretion, not to prosecute.

Our rules of criminal procedure are consistent with these principles, for they require only that a complaint contain "[i]n a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged ..." Pa.R.Crim.P. 132(6)(a).

Our cases hold that "a complaint or information must contain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supply them, because a defendant should not be required to answer a charge different from, and unrelated to, the one for which he was arrested and held to bail." *Commonwealth v. Musto,* 348 Pa. 300, 302–03, 35 A.2d 307, 309 (1944) (STERN, J.). Accord: *Harger v. Commonwealth, Department of Transportation,* 17 Pa.Cmwlth. 142, 330 A.2d 883 (1975). See also Art. I, sec. 9, of the Pa. Const. ("In all criminal prosecutions the accused hath a right ... to demand the nature and cause of the accusation against him...."). However, while a complaint used to institute a criminal proceeding must state the offense committed by the accused, and the general nature and time and place of the offense, it need not set forth the charges with the particularity of an indictment. *Commonwealth ex rel. Garland v. Ashe,* 344 Pa. 407, 26 A.2d 190 (1942); *Commonwealth v. Carson,* 166 Pa. 179, 30 A. 985 (1895); *Commonwealth v. Moon,* 174 Pa.Super. 334, 101 A.2d 147 (1953); *Commonwealth v. Ginsberg,* 143 Pa.Super. 317, 18 A.2d 121 (1940). "The purpose of a preliminary written charge ... is to inform the defendant as to the offense with which he is charged.... The offense may be described by employing generic terms or in words by which the crime 'is designated in the common language of the people' ".... *Commonwealth ex rel. Jenkins v. Costello,* 141 Pa.Super. 183, 185, 14 A.2d 567, 568 (1940). Accord: *Commonwealth v. Grego,* 116 Pa.Super. 295, 176 A. 550 (1935); *Commonwealth v. Miller and Burke,* 77 Pa.Super. 469 (1921); *Commonwealth v. Campbell,* 22 Pa.Super. 98 (1903). As stated in Grego, " 'The only question to be considered [as to the sufficiency of the complaint] is whether the written accusation [the] defendant gave bail to answer sufficiently informed her that she might be put on trial for the crime charged in the indictment.' " 116 Pa.Super. at 296, 176 A. at 551, (citation omitted).

*Commonwealth v. Wilkinson,* 278 Pa.Super. 490, 497–98,
420 A.2d 647, 650–651 (1980) (footnote omitted).

-b-

In my view, the district attorney should have investigated
appellant's complaint. The majority is of course entirely
correct that the complaint fails to allege probable cause.
The complaint is not, however, entirely devoid of factual
allegations. Two persons are identified (Chester B. Muro-
ski and R.M. Marks), a date is stated (August 24, 1981), and
a place (the State Correctional Institution at Camp Hill),
from which, the affidavit discloses, appellant is filing the
complaint as an inmate. The gist of the complaint appears
to be that Chester B. Muroski, "acting in his official capaci-
ty", "threatened unlawful harm to R.M. Marks" in order to
have Marks "terrorize" appellant and "Physical[ly] inter-
fer[e] [with appellant's] right to freedom of speech and
mail." I believe these allegations, meager as they are, were
adequate to "state the offense committed by the accused,
and the general nature and time and place of the of-
fense...." *Commonwealth v. Wilkinson, supra.*

Of course, there may be no substance to the allegations;
they may very well be entirely false, and nothing I say in
this opinion intimates the least confidence in them. The
issue, however, at least as I see it, is whether a district
attorney receiving the complaint would be justified in con-
cluding, as the trial court and the majority have concluded,
that because the allegations do not state probable cause, no
investigation was warranted. I freely acknowledge that I
have found this a particularly difficult issue, and in resolv-
ing it differently the majority may well have the better of
the argument. Nevertheless, I have myself been persuaded
to the conclusion that the complaint was sufficient to re-
quire the district attorney to investigate because of an
additional fact not so far mentioned that gives this case a
particular dimension. We may take judicial notice of the
fact that on the date the alleged criminal activity occurred,
Chester B. Muroski was the District Attorney of Luzerne

County, *see* 105 *Pennsylvania Manual* at 510, and that when the complaint was filed, he was a judge on the Court of Common Pleas of that county, having been elected on November 3, 1981, *see* 106 *Pennsylvania Manual* at 441. Thus, the situation presented to the District Attorney of Cumberland County, when appellant's complaint was filed, was that an inmate of a state correctional institution appeared to be alleging some sort of assaultive conduct by one R.M. Marks, and to be further alleging that this conduct was attributable to the former District Attorney, who had become a judge of the Court of Common Pleas of Luzerne County. I have already commented upon the confidence that our system of criminal justice reposes in the district attorney as a responsible public official. To deserve that confidence, a district attorney "should avoid the appearance or reality of a conflict of interest with respect to his official duties." ABA Standards, *supra*, § 3–1.2. "It is of the utmost importance that the prosecutor avoid participation in a case in circumstances where any implication of partiality may cast a shadow over the integrity of his office." *Id.*, Commentary; *Commonwealth v. Miller*, 281 Pa.Super. 392, 422 A.2d 525, (1980) (*en banc*) (we rely upon the integrity of district attorneys not to participate in prosecutions where there would be appearance of impropriety); *Commonwealth v. Toth*, 455 Pa. 154, 314 A.2d 275 (1974) (district attorney holds office of unusual responsibility and must exercise duties with complete impartiality); *Commonwealth v. Dunlap*, 474 Pa. 155, 377 A.2d 975 (1977) (*opinion in support of reversal*) (appearance of impropriety if district attorney represents victim of crime against defendant in civil proceedings). If one district attorney were to disapprove a private complaint, out-of-hand and with no investigation, simply because it was against an individual who had been another district attorney and had become a judge, these precepts would be violated. I do not suggest that that is what happened here. By its affirmance of the trial court's order, however, the majority fails to dispel any possible appearance of such an impropriety.

### The Trial Court's Responsibility

It may very well be that the district attorney *did* make an investigation of appellant's complaint, or that even if he did not, he had sufficient reasons for not approving the complaint. The difficulty is that we do not know the basis of the district attorney's refusal to approve the complaint. The reason we do not know is because the trial court misconceived its function on appellant's appeal from the district attorney's refusal to approve the complaint—a misconception given precedential force by the majority's opinion.

The issue before the trial court was whether in refusing to approve the complaint the district attorney had grossly abused his discretion. *See In re Wood,* 333 Pa.Super. 597, 602, 482 A.2d 1033, 1036 (1984), quoting *Commonwealth v. Eisemann,* 276 Pa.Super. 543, 545–47, 419 A.2d 591, 592–93 (1980); *see also Commonwealth v. Williamson,* 298 Pa.Super. 81, 444 A.2d 669 (1982). The trial court, however, looked only to see whether the complaint alleged probable cause. So far as the record discloses at least, the trial court conducted no hearing; thus, in support of its order, the trial court stated:

> [C]areful consideration of the affidavit discloses that it is insufficient because it consists solely of generalities without specifics. The complaint likewise displays a complete failure to aver any facts supporting the alleged criminal activity.

From this it is evident that the trial court regarded the issue of abuse of discretion and the issue of probable cause as the same issue under different names—in other words, that the court believed that if a private criminal complaint fails to aver facts that if accepted, establish probable cause to believe that a crime has been committed, then a district attorney may, for that reason alone, disapprove the complaint. This is the position now adopted by the majority.

The issues of probable cause and abuse of discretion, however, are not the same. As I have attempted to explain, even though a complaint does not allege probable cause,

still, the district attorney may have had a responsibility to investigate the complaint. Therefore, in my view, among the questions the trial court must ask, on appeal from a district attorney's refusal to approve a private complaint, are: Does the complaint, although not alleging probable cause, nevertheless allege sufficient facts to "state the offense committed by the accused, and the general nature and time and place of the offense"? *Commonwealth v. Wilkinson, supra.* If the complaint does allege such facts, did the district attorney investigate? If he did, was his decision not to prosecute a gross abuse of discretion? And finally, if the district attorney did not investigate, was his decision not to prosecute without making an investigation a gross abuse of discretion.

I do not mean to suggest that the trial court must conform to a particular procedure. Whether after hearing or upon affidavit, however, the court should make a determination on each of these questions.

Neither do I mean to suggest that the trial court is to establish rigid guidelines by which a district attorney's conduct is to be judged. It is beyond dispute that a district attorney has broad discretion, *Commonwealth v. Eisemann,* 308 Pa.Super. 16, 20, 453 A.2d 1045, (1982), and it is emphatically not a reviewing court's function either to second-guess or to dictate a district attorney's decisions. It is equally true, however, that the court does have the power, and therefore the responsibility, to assess the district attorney's conduct against the standard of gross abuse of discretion. *Commonwealth v. Eisemann, supra.*

Obviously, what constitutes a gross abuse of discretion cannot be stated by a simple formula. Everything will depend on the particular facts of the case and the district's attorney's articulated reasons for acting, or failing to act, in the particular circumstances. For example, a court may find a gross abuse of discretion in a district attorney's pattern of discriminatory prosecution, *see, e.g., Yick v. Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); *United States v. Falk,* 479 F.2d 616, 618 (7th Cir.1973); *People v. Utica Daw's Drug Co.,* 16 App.Div.2d 12, 225

N.Y.S.2d 128, 4 A.L.R.3d 393 (1962); or in retaliatory prosecutions based on personal or other impermissible motives, *see, e.g., Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1924); *United States v. Steele,* 461 F.2d 1148, 1152 (9th Cir.1972). Similarly, a district attorney may be found to have grossly abused his discretion for his blanket refusal to prosecute for violations of a particular statute, *Nader v. Saxbe,* 497 F.2d 676, 679 (D.C.Cir.1974), or for refusing to prosecute solely because the accused is a public official, *Commonwealth v. Komatowski,* 347 Pa. 445, 450, 32 A.2d at 905, 908 (1943).

The fact that it is difficult to define gross abuse of discretion does not, however, relieve the court from the obligation to undertake a definition. As the court in *Medical Committee for Human Rights v. SEC,* 432 F.2d 659, 673 (D.C.Cir.1970), stated: "The decisions of this court have never allowed the phrase 'prosecutorial discretion' to be treated as a magical incantation which automatically provides a shield for arbitrariness." *See also Nader v. Saxbe, supra* at 680 n. 19 ("The law has long recognized the distinction between judicial usurpation of discretionary authority and judicial review of the statutory and constitutional limits to that authority."). *See generally* Vorenberg, *Decent Restraint of Prosecutorial Power,* 94 Harv.L.Rev. 1521 (1981) (noting the "evils of broad discretion" and calling for increased judicial review of prosecutorial decisions); Note, *Reviewability of Prosecutorial Discretion: Failure to Prosecute,* 75 Colum.L.Rev. 130, 143 (1975) (expanding the courts' scope of review of prosecutor's decisions is not tantamount to telling the prosecutor how to conduct his office).

I should therefore remand to the trial court with instructions to determine whether in refusing to approve appellant's complaint, the district attorney grossly abused his discretion.

CIRILLO, Judge, dissenting:

I respectfully dissent. The majority's conclusion that appellant has standing to pursue prosecution is based solely

upon a perceived distinction between this case and *Commonwealth v. Malloy*, 304 Pa.Super. 297, 450 A.2d 689 (1982), a distinction which in reality is of no consequence.

In *Malloy*, we held that a private criminal complainant has no standing to appeal absent the district attorney's consent. It so happened that in *Malloy*, the district attorney originally approved the complaint, but when it was subsequently dismissed by the court for failure to make out a prima facie case, the district attorney chose not to appeal that decision. It was procedurally unique in the sense that it did not involve the more typical situation wherein, after the district attorney dismisses the complaint, it is filed by the complainant for judicial review. By the majority's analysis, *Malloy*'s conclusion that "appellant, as victim or witness, lacks 'party' status in this criminal prosecution [and thus] has no standing to appeal", only applies to cases bearing the same procedural posture.

Read in any light, *Malloy* was never intended to be limited in this way. Regardless of any court action on a district attorney's disposition of a private complaint, the fact remains that prosecutions are sought to rectify injuries to *society*. The aggrieved party, if one exists, is the Commonwealth. The victim of the alleged crime may pursue a civil remedy.

Admittedly, the issue in *Malloy* was phrased to embrace the procedural posture of the case: "whether a victim/complainant has standing to appeal, without the consent of the district attorney, a judicial determination dismissing his complaint." However, the balance of the opinion contains nothing to support the conclusion that a different procedural setting would dictate a contrary result. Indeed, we summarized the law of various jurisdictions only to support our very general conclusion that victims have no standing to appeal, period: "[A] citizen lacks standing to contest the policies of the prosecuting attorney when he himself is neither prosecuted nor threatened with prosecution ... in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprose-

cution of another." *Id.*, 304 Pa.Superior Ct. at 305, 450 A.2d at 693, *quoting Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536, 541 (1973).

Clearly, if *Malloy* stands for one principle, it is that the district attorney has exclusive authority to determine whether prosecution is called for in a given case. This authority is tempered only by the complainant's right to have the decision reviewed by a court of common pleas so any abuse of discretion by the district attorney may be discovered. Such review will be important to a complainant when the district attorney has in fact abused his discretion, but nonetheless, the court of common pleas' determination is the end of the line for the complainant on the criminal side.

The majority seems to attach great weight to the fact that the court of common pleas in *Malloy* went so far as to establish that no prima facie case existed, whereas the reviewing court in this case found only that the complaint did not show probable cause, i.e., the sufficiency of the case itself was not considered. In my view, this indicates only that the *Malloy* complainant had a *greater* appealable interest; at least there the district attorney found enough probable cause to initiate prosecution. In any event, the complainant's interest stretches only to the point of securing a judicial determination that the district attorney did not abuse his discretion in disposing of the complaint.

The same reasoning compels me to the conclusion that *In re Wood*, 333 Pa.Super. 597, 482 A.2d 1033 (1984), was wrongly decided, it too being based upon a false premise. The *Wood* court properly stated *Malloy*'s holding that private complainants lack standing, but then by a tortured analysis found such standing anyway. In *Wood*, the district attorney chose not to pursue prosecution, whereupon the complainant filed his private complaint with the court of common pleas for review. Our Court reasoned that since complainant himself filed the complaint, he was a "party below" and could therefore take an appeal. The result is nothing less than a procedural absurdity: the *Malloy*-type

complainant, who does not have to file the complaint himself because the Commonwealth initially chose to prosecute, must hope that the district attorney chooses to appeal if the case is subsequently dismissed; the *Wood*-type complainant, in contrast, has the right to appeal simply because the district attorney's decision not to prosecute forced the complainant to file the complaint with the court on his own. In short, the right to appeal hinges on nothing more than the mere happenstance of the order in which the events unfold.

A complainant is only a "party below" as concerns the judicial review he himself initiated, which is separate and distinct from subsequent criminal prosecution no matter how the caption reads. In the actual prosecution, the complainant will never be anything more than a prosecuting witness, irrespective of his right to seek judicial review of the district attorney's disposition of the complaint. In my view, when the case is "Commonwealth versus The Accused", two parties may take an appeal: the Commonwealth, and the accused.

Accordingly, I dissent.

ROWLEY, J., joins.