## Chamberlain v. Amoroso

*Shawn P. Markey, assistant district attorney,* for the commonwealth.

*Robert Scandone,* for appellant.

GARB, *P.J.,* February 15, 1989—This is an appeal from our refusal of December 9, 1988 to authorize the filing of a private criminal complaint.* Appellant filed a petition in this court seeking leave to file a private criminal complaint. The petition alleges that petitioner was struck unconscious by defendant as a result of which appellant filed a private criminal complaint before a district justice. It is further alleged that the district attorney refused the allowance of the private criminal complaint which gave rise to this petition. Essentially, however, the entire record before this court consists in the petition and its exhibits.

Rule of Criminal Procedure 133(a) provides as follows:

"When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for

---

\* We are puzzled by the appellant's caption casting this as in the nature of a civil rather than a criminal matter.

the commonwealth, who shall approve or disapprove without unreasonable delay."

Subparagraph (b) provides as follows:

"If the attorney for the commonwealth

. . .

"(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a court of common pleas for approval or disapproval."

In explaining the philosophy behind this rule of court, the Superior Court in *Piscanio Appeal,* 235 Pa. Super. 490, 344 A.2d 658 (1975) stated as follows:

"In considering the extent of the district attorney's power, it is important to bear in mind that the district attorney's function is to represent the commonwealth in criminal prosecutions. *Commonwealth ex. rel. Specter v. Freed,* 424 Pa. 508, 228 A.2d 382 (1987). In the capacity as the commonwealth's attorney, the district attorney has traditionally fulfilled the obligation of investigation and prosecution of crime by initially evaluating complaints to determine whether a charge should be brought against a suspect. 'A district attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the commonwealth, and to decide whether and when to prosecute and whether and when to continue or discontinue a case.' *Commonwealth v. DiPasquale,* 431 Pa. 536, 540-1, 246 A.2d 430, 432 (1968). (emphasis omitted)

"The power granted the district attorney under rule 133(b) to approve or disapprove private criminal complaints is consistent with the authority regularly exercised by that office in deciding

whether to initiate or to discontinue prosecutions." *Id.* at 494, 344 A.2d at 660.

Therefore, rule 133 mandates that a person who is not a police officer desiring to file misdemeanor or felony charges against another which charges do not involve a clear and present danger to the community or to any person, must obtain the approval of such charges from the appropriate district attorney. The district attorney enjoys prosecutorial discretion as to whether to approve or disapprove a private criminal complaint, and the court should not interfere with that discretion unless there has been a gross abuse thereof. The rule permits a person to appeal a district attorney's decision refusing to approve such charges to the court of common pleas and the provision of the rule allowing for such appeal constitutes sufficient checks and balances upon the district attorney's actions so as to comply with constitutional due process requirements. *Commonwealth v. Eisemann,* 308 Pa. Super. 16, 453 A.2d 1045 (1982).

It is abundantly clear that the district attorney has broad discretion in deciding whether to charge a person with a criminal offense. This discretionary power of the district attorney in determining whether prosecution shall be commenced or maintained may well depend on matters of policy wholly separate and apart from the existence of probable cause. Therefore, the courts have been wary of interfering with or attempting to supervise the district attorney in the exercise of his function in controlling criminal prosecutions. *Commonwealth v. Muroski,* 352 Pa. Super. 15, 506 A.2d 1312 (1986). Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in pursuit of futile prosecutions. *Muroski, supra.*

Lastly, the role of the court in reviewing the decision of the district attorney is severely limited. First of all, no hearing is required. In any event, the court's role is not the functional equivalent of a preliminary hearing nor is the rule 133 judge acting as a district justice. This rule merely gives the complainant the opportunity to obtain a judge's independent review of the complaint and of the district attorney's exercise of discretion. *In re Wood,* 333 Pa. Super. 597, 482 A.2d 1033 (1984).

On the foregoing basis, there is absolutely no foundation upon which we can find an abuse of prosecutorial discretion in this case. There is no statement of probable cause, and therefore, we have no way of finding what the basis of this private criminal complaint really is other than the fact that there had been some kind of scuffle or fight between appellant and defendant. The district attorney indicated on the criminal complaint that he refused prosecution because he found this to be a mutual scuffle. There is no basis on which we can find that the district attorney had abused his discretion in making this determination and declining prosecution.

The foregoing represents the reasons why we refused appellant's request for allowance of the filing of a private criminal complaint.