J-A17026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PAUL GOLD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: PAUL GOLD | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2160 EDA 2023 |

Appeal from the Order Entered July 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0002038-2023

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 31, 2024**

Appellant Paul Gold appeals *pro se* from the order of the trial court in the Court of Common Pleas denying his petition for review of the Philadelphia County District Attorney's Office's disapproval of his private criminal complaint. Appellant had appealed to Common Pleas Court from the Municipal Court order denying his petition for review. Appellant raises several claims alleging error by the trial court. We affirm.

The trial court summarized the underlying facts of this matter as follows:

[Appellant's] mother, Doreen Gold was treated by Dr. Stephen Kovach among other doctors at the Hospital of the University of Pennsylvania in Philadelphia ("HUP") from June 8, 2021 until her passing on December 3, 2021. She was suffering from a scalp condition, meticillin-sensitive staphylococcus aureus (MSSA) infection of the eccrine spiradenoma and cylindroma, which is a form of non-cancerous cysts. During her course of treatment, it was determined that surgical excision of the cylindromas was the appropriate treatment. The surgery involved a skin graft and titanium mesh to be placed in the affected area. [Appellant] and

his mother had spoken with the medical team at HUP about the risks and alternatives associated with the procedure. Following this conversation, Mrs. Gold agreed to schedule the procedure for July 29, 2021. While the surgery was considered successful, Mrs. Gold remained in the hospital through August 6, 2021. Follow-up visits showed progressive erosion in the surgically affected area which were discussed and addressed by the medical team at HUP. It was deemed necessary for an additional surgery to address the issue which included removing the titanium mesh. During the course of these discussions, Mrs. Gold was instructed on how to treat the affected area leading up to a second surgery, which was scheduled for November 29, 2021. This surgery was delayed as Mrs. Gold needed time to recover from the initial surgery. Additionally, it was discussed with Mrs. Gold that this type of surgery could prove challenging because, in addition to removing the titanium mesh, it would require debriding the scalp skin and subcutaneous tissue and would require a reconstruction of her scalp. The Consent for Medical or Surgical Procedure form (the informed consent form) was signed by [Appellant] as Power of Attorney for Mrs. Gold. The informed consent form explained the risks of the surgery which included infection, delayed wound healing and death.

Mrs. Gold was admitted to the hospital on November 28, 2021, and the surgery was performed on December 2, 2021 by the neurosurgery team and Dr. Donald O'Rourke and Dr. Stephen Kovach of the plastic surgery team. Mrs. Gold was monitored both pre and post-surgery and antibiotics were administered intraoperatively. While she was in the ICU, Mrs. Gold began exhibiting signs of post-surgical septic shock. Penn Medicine staff then administered care to address the condition. After several hours, Mrs. Gold became hypotensive and lost her pulse. Unfortunately, while life saving measures were administered, Mrs. Gold was unable to be resuscitated and she passed away.

[Appellant] filed a private criminal complaint with the District Attorney's office alleging that Dr. Stephen Kovach failed to properly address Mrs. Gold's infection which caused her death. [Appellant] contends that Dr. Kovach's actions were criminal in nature violating the involuntary manslaughter and recklessly endangering another person statutes and that the District Attorney's denial of the complaint was a gross abuse of discretion, bad faith and was unconstitutional.

At the hearing on July 14, 2023, the Commonwealth called Assistant District Attorney James Dellafiora, the head of the District Attorney's Private Criminal Complaint Unit, to testify. Dellafiora testified that he met with Gold in November 2022, regarding the private criminal complaint. Dellafiora reviewed the complaint and medical records of Mrs. Gold's treatment. N.T., 7/14/23, at 40. Dellafiora testified that because it was an "unusual case and there [were] very serious charges ... alleged" he did not want to "treat this like a regular simple assault or a criminal mischief . . . ." N.T., 7/14/23, at 41. He also had First Assistant District Attorney Carolyn Engel Temin (former Judge Carolyn Engel Temin) review this matter. N.T., 7/14/23, at 41. Dellafiora testified that he met additional times with [Appellant] over the next months and reviewed other materials that [Appellant] submitted. N.T., 7/14/23, at 42. In addition to First [Assistant] District Attorney Temin, he consulted with other attorneys in the office who all agreed that criminal charges were unwarranted. N.T., 7/14/23, at 42. The District Attorney's Office declined to approve the complaint along with the Honorable Patrick Dugan, President Judge of the Municipal Court. N.T., 7/14/23, at 44.

Trial Ct. Op., 10/20/23, at 3-6.

Thereafter, the trial court explained:

On May 15, 2023, [Appellant] appealed the denial [by the Municipal Court] [the Court of Common Pleas] pursuant to Pa.R.C.P. 1003(A)(2)(b)(ii). The matter was scheduled for a hearing on June 14, 2023, where [Appellant] appeared. At the hearing, the attorney for the Commonwealth requested a continuance in order to file a written response to [Appellant's] appeal. This court granted the request and the case was continued to July 14, 2023, with the direction that the Commonwealth respond to [Appellant's] petition by July 7, 2023. The Commonwealth filed its response on July 13, 2023 and did not certify service of the response on [Appellant]. At the July 14, 2023 hearing, the Commonwealth provided [Appellant] with a copy of the response and the hearing proceeded with testimony and additional evidence. After reviewing the evidence and submissions by the parties, this court denied [Appellant's] petition.

*Id.* at 2-3.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. Did the trial court err in not considering the motion uncontested given the Commonwealth's late response and failure to serve [] Appellant?

2. Did the trial court err in allowing testimony at the July 14, 2023 hearing despite the lack of timely response from the Commonwealth?

3. Did the trial court err in engaging in conduct that was prejudicial to the administration of justice by accepting the Commonwealth witness's testimony but not [] Appellant's presented precedent?

4. Did the trial court err in not reviewing all evidence thoroughly prior to making its ruling?

Appellant's Brief at 4 (formatting altered).

## Waived Claims

Initially, we must determine whether Appellant has preserved his claims for review. The Rules of Appellate Procedure require that appellants adequately develop each issue raised with the discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citation omitted). Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf. *Id.*

- 4 -

(citation omitted). When an appellant fails to present an adequately developed argument in an appellate brief, this Court may find that issue waived. ***Id.***

Additionally, it is well settled that an appellant's "failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal." ***Commonwealth v. Radecki***, 180 A.3d 441, 455 (Pa. Super. 2018) (citation omitted); ***see also*** Pa.R.E. 103(a) (providing that a party may only claim error regarding admission or exclusion of evidence if he or she makes timely objection on record).

Here, Appellant has failed to cite any legal authority in support of his first two claims. ***See*** Pa.R.A.P. 2119. Additionally, to the extent Appellant challenges the trial court's decisions regarding which evidence to allow at the hearing, the record reflects that Appellant did not object to the trial court's rulings or request a continuance. ***See*** Trial Ct. Op. at 9-10; ***see also*** N.T. Hr'g, N.T., 7/14/23, at 12-13, 37. Therefore, we conclude that Appellant's first two claims are waived.

### Remaining Claims

We address Appellant's remaining claims together. Appellant argues that "the private criminal complaint should have been granted for legal reasons, as [Appellant] provided sufficient evidence to prove a *prima facie* case of involuntary manslaughter" and that the Commonwealth "did not offer any policy reasons for the disapproval." Appellant's Brief at 9-10. Appellant also argues that the trial court failed to thoroughly review the evidence before

making its ruling. *Id.* at 10. Therefore, Appellant concludes that his request to file a criminal complaint "should have been granted and the private criminal complaint should be re-reviewed and approved." *Id.*

When the district attorney disapproves a private criminal complaint, "the private criminal complainant [has] the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision." *In re Ullman*, 995 A.2d 1207, 1214 (Pa. Super. 2010); *see also* Pa.R.Crim.P. 506. "[A] court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." *In re Ajaj*, 288 A.3d 94, 109 (Pa. 2023). "Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary. *Id.* at 99.

Further, this Court has explained:

A private criminal complaint must at the outset set forth a prima facie case of criminal conduct. *In re Private Complaint of Adams*, 764 A.2d 577 (Pa. Super. 2000). Nevertheless, even "a well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor." *Id.* at 580. The district attorney must investigate the allegations of the complaint to permit a proper decision whether to approve or disapprove the complaint. *Commonwealth v. Muroski*, 506 A.2d 1312 (Pa. Super. 1986) (*en banc*). "[S]uch investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments. Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of futile prosecutions." *Id.* at 1317.

- 6 -

Moreover,

> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a prima facie case would compel the district attorney to bring cases he suspects, or has concluded via investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

> The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

*Ullman*, 995 A.2d at 1213-14.

Here, the trial court explained:

> In interpreting Pa.R.Crim.P. 506,[fn6] the Pennsylvania Supreme Court has stated that "when reviewing a prosecutor's decision disapproving a private criminal complaint, . . . a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." *Ajaj*, 288 A.3d at 109. "[B]ad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose." *Id.* In applying the foregoing standard of review, this court is required to "afford proper deference to the discretionary decision of the prosecutor- a member of the executive branch of the Commonwealth's government." *Id.* at 109-10.This court finds that the District Attorney's office properly investigated [Appellant's] allegations and evidence in his complaint. There was no *prima facie* evidence establishing the elements of involuntary manslaughter and recklessly endangering another person. There were no records,

reports, expert or otherwise, suggesting criminal conduct on the part of Dr. Stephen Kovach. [Appellant] failed to show that the District Attorney's decision amounted to bad faith, occurred due to fraud, was unconstitutional or otherwise abused its discretion. Even if the court were to treat [Appellant's] appeal as uncontested, there was no evidence introduced showing that the District Attorney's Office abused its discretion, acted in bad faith, denied the complaint due to fraud or acted unconstitutionally in denying to proceed with [Appellant's] complaint.

> [fn6] Pa.R.Crim.P. 1003, which applies in all proceedings in the Philadelphia Municipal Court, contains essentially the same language as Pa.R.Crim.P. 506, with the added provision that "the affiant may petition the President Judge of Municipal Court, or the President Judge's designee, for review of the decision." 234 Pa. Code § 1003. Thereafter the appeal "shall be to the Court of Common Pleas." *Id.*

Trial Ct. Op. at 11-12 (some formatting altered).

Following our review of the record, we discern no error of law by the trial court. *See Ullman*, 995 A.2d at 1213. As noted by the trial court, Appellant failed to establish that the District Attorney's decision "amounted to bad faith, occurred due to fraud, or was unconstitutional." *See Ajaj*, 288 A.3d at 110. Therefore, because the trial court had no basis to overturn the District Attorney's disapproval of the private criminal complaint, Appellant is not entitled to relief. *See id.* For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2024